Jarboe *et al. v.* Brown.

*J. Gavin, J. D. Miller, W. O. Foley, C. Ewing,* and *J. K. Ewing,* for appellant.

*B. W. Hanna,* Attorney General, for the State.

———◆———

## JARBOE ET AL. *v.* BROWN.

PRACTICE.—*Appraisement.*— *Verdict.*— *Judgment.*—Where, to a complaint upon several different causes of action, part of which are collectible with, and part without, relief from valuation or appraisement laws, there are answers of payment and set-off, and, upon the trial of the issues, there is evidence given supporting the answers, and only a general verdict is returned in favor of plaintiff for a sum in gross, a judgment rendered upon the verdict for part of the sum so found with relief from appraisement laws, and part without such relief, is erroneous.

APPEAL from the Clay Common Pleas.

DOWNEY, J.—Suit by the appellee against the appellants, issues, trial by jury, verdict for the plaintiff, motion for a

new trial made and overruled, and judgment on the verdict. Two errors are assigned; first, the refusal to grant a new trial on the motion of the appellants; and, second, the making of an order for the collection of a part of the amount of the verdict without relief from valuation laws.

The new trial was asked for the following reasons: first, that the damages found by the jury were excessive; second, error in the assessment of the amount of recovery, the same being too large; third, that the verdict of the jury was not sustained by sufficient evidence; fourth, that the verdict was contrary to law; and, fifth, newly-discovered evidence.

The first paragraph of the complaint was predicated on a mortgage given to secure the payment of a certain promissory note, and sought a foreclosure of the same and a sale of the mortgaged premises. The second paragraph was for personal property sold, for the amount of a certain promissory note, for work and labor and materials furnished, and for cash loaned, a bill of particulars of which was filed.

The defendant Brown made default. Jarboe pleaded the general denial, payment, and a set-off, consisting of a great many items due to the defendants. There was a reply to the second and third paragraphs of the answer of Jarboe, traversing the same.

The ground relied upon by counsel for the appellants in argument is that the evidence was not sufficient to justify the verdict of the jury.

All the parties to the controversy and other witnesses were sworn, each giving his version of the matters in dispute. A part of the items of the set-off was admitted by the plaintiff to be correct. We are unable to discover any reason for interfering with the judgment on account of the alleged insufficiency of the evidence.

The other question is one of more difficulty. The verdict was for thirteen hundred dollars, without showing how much of it was due on the mortgage and notes, or how much on the account. On this verdict the court, over the objection of the defendants, rendered a judgment for eleven hundred

and sixty-four dollars, the amount said to be due on the mortgage, collectible without relief from valuation laws, and another judgment for ninety-five dollars and seventy cents, collectible in the same way, and still another for forty dollars and thirty cents, the residue of the verdict and costs, collectible generally. The note secured by mortgage, and also the small note mentioned in the second paragraph of the complaint, were collectible without relief from valuation laws.

It is provided by the code, that "when a judgment is to be executed without any relief from appraisement laws, it shall be so ordered in the judgment. When a plaintiff has included in one action demands subject to the appraisement laws, with demands made payable without any relief from appraisement laws, the court may render separate judgments upon such demands." 2 G. & H. 220, sec. 381. There is no difficulty in following this statute when the amounts for which the different judgments are to be rendered are ascertained by the finding of the court, by the verdict of a jury, or in any other legitimate way. But in this case there was no such data upon which to render the separate judgments. It was merely a matter of guess with the court as to what amount should be said to be due on the mortgage note, the other note, or on the account. If the doctrine relating to the appropriation of payments be supposed to have any bearing on the question, it must be remembered that here there was a set-off as well as a payment pleaded, and also that that doctrine, though it might, in a proper case, be applied at the trial of the cause, can have no application at this stage of the case.

The judgment as rendered cannot be sustained, and it is therefore reversed, with costs, and the cause remanded.

## On Petition for a Rehearing.

Downey, J.—A petition is filed in this case in which a rehearing is asked, on the grounds,

First. The judgment of the court is supposed to be

Jarboe *et al. v.* Brown.

erroneous in reversing the judgment of the court below on account of the form thereof.

Second. In granting a new trial to the appellants on account of the form of the judgment below.

Third. In ordering the cause to the court below without special instructions as to the form of the judgment to be rendered therein.

We are still of the opinion that the judgment was properly reversed. We did not order a new trial to be granted, nor did we decide that the verdict should be set aside. The only error that we found was in rendering the judgments, and to that extent only does the reversal extend. If counsel for the plaintiff had required a finding as to the amount due on the notes and on the account separately, it would have been easy to render the proper judgments. This they did not do. Having found no reason for setting aside the verdict, but having only reversed the judgment, we supposed it would be understood that a judgment in the ordinary form was to be rendered on the verdict, and hence no more definite instructions were deemed necessary. We foresee, however, that this course may not be convenient, or, perhaps, the mortgaged premises could not be sold at all on such a judgment. 2 G. & H. 297, sec. 640. We have, as a means of extricating the appellee from the entanglement, concluded to instruct the court to render one judgment, not waiving the benefit of valuation laws, for the whole amount of the verdict, or if the plaintiff prefer, to grant a new trial on the motion of the defendants.

The petition for a rehearing is overruled, and the court is instructed to proceed as in this opinion indicated.

*G. A. Knight, G. P. Stone,* and *E. Miles,* for appellants.

*W. Curtis, I. M. Compton, W. W. Carter,* and *S. D. Coffee,* for appellee.