Begein *et al. v.* Brehm *et al.*

No. 13,920.

BEGEIN ET AL. *v.* BREHM ET AL.

MORTGAGE.—*Notes Secured by.*—*Assumption of Payment by Grantee.*—*Grantee's Discharge in Bankruptcy.*—*Effect of.*—A. purchased a town lot of B. and gave his notes, secured by mortgage, in part payment therefor. A. subsequently conveyed the lot to C., who, as a part of the consideration, endorsed the notes and assumed the payment of them. C. conveyed the real estate, by warranty deed, to D., and D., also by warranty deed, to E. C. (A.'s grantee) paid off all the notes except one, and upon this unpaid note an action was brought against A. by the widow of the mortgagee, and a judgment recovered, which A. was compelled to pay; C. became a bankrupt, and secured a discharge in a bankruptcy proceeding. A suit was instituted by A.'s heirs against C. and the several grantees.

*Held,* that when C. received his conveyance he became liable as the principal debtor for the payment of the notes of his grantor, and there was, therefore, an existing indebtedness from which the proceedings in bankruptcy discharged him.

SAME.—*Discharge in Bankruptcy.*—*Answer Alleging.*—*Sufficiency of.*—A.'s grantee, in separate answers, and in bar of his personal liability, alleged his discharge as a bankrupt by the proper court, a copy of his certificate of discharge being filed with the answers.

*Held,* that the answers were good. The court in which the bankruptcy proceedings occurred having jurisdiction, the validity of the judgment is not subject to collateral attack. It was wholly immaterial whether A.'s grantee became a bankrupt voluntarily or involuntarily,

SAME.—*Release.*—*Purchaser with Notice.*—The discharge of A.'s grantee, the principal debtor, as a bankrupt, did not release the mortgage. The mortgage debt, evidenced by the note, being unpaid, and the mortgage unsatisfied of record when E. received his conveyance, he was a purchaser with notice.

SAME.—*Conveyance.*—*Principal and Surety.*—*Covenants.*—When A. conveyed to his grantee, the latter became the principal and the former his security. The debt having become the debt of the grantee, the mortgage was not an encumbrance covered by the covenants in the deed of the grantor.

SAME.—*Title.*—*Notice of Encumbrance.*—*Payment of Mortgage Debt.*—E., who acquired title to the property, with notice of the encumbrance, held it subject to the payment of the mortgage debt, at the suit of any one into whose hands it should come, except the principal debtor, A.'s grantee. A., as surety, having paid the debt, was subrogated to the rights of the mortgagee, with his remedy.

Begein *et al. v.* Brehm *et al.*

SUPREME COURT.—*Evidence.*—*Failure of to Support Finding.*—*Reversal of Judgment.*—While a judgment will not be reversed where there is some evidence, however slight, to support the finding of the court, or the verdict of the jury, the judgment will be reversed if the finding is not sustained by sufficient evidence.

From the Madison Circuit Court.

*W. A. Kittinger, L. M. Schwinn* and *E. B. McMahan,* for appellants.

*H. D. Thompson,* for appellees.

BERKSHIRE, J.—The complaint is in two paragraphs, not substantially different.

The allegations are in substance as follows : That, on the 1st day of August, 1871, one Nolly Walden was the owner of a certain town lot in the city of Anderson, and on that day conveyed the same to one George Begein for the consideration of $2,000, and the said Begein and his wife Mary (one of the appellants) executed a mortgage to the said Walden to secure four $400 notes executed by the said George Begein to the said Walden as a part of the consideration for said conveyance, which said mortgage was duly recorded on the 20th day of September, 1871, and remained unsatisfied until after the commencement of this suit ; on the 12th day of February, 1873, the said George Begein conveyed said real estate by warranty deed to one Blake, the said Blake assuming the payment of said notes executed by Begein to Walden as a part of the consideration for said conveyance, and at the time wrote his name on the back of said notes ; on the 3d day of May, 1876, the said Blake, by warranty deed, conveyed said real estate to one Ackerman, who, on the 11th day of said month, conveyed the same by warranty deed to the appellee Philip Brehm, who still holds the title thereto.

Walden died in the year 1875 intestate, leaving as his only heir at law his widow, Susan Walden, who afterwards intermarried with one Freeman ; after said intermarriage the

said Susan Freeman brought a personal action on the last of said notes to fall due, against the said George Begein, and recovered judgment thereon, which judgment he was compelled to pay.

In the year 1884 the said Begein departed this life intestate, owing no debts, and leaving the appellants as his only heirs at law; the said sum of money so paid by the said Begein has never been repaid, and is still due to the appellants.

The appellees Philip and Elizabeth Brehm answered the complaint by general denial, and the said Philip also filed a cross-complaint, which need not be further noticed in this opinion.

The said Blake was made a party defendant, and is one of the appellees. He filed an answer in three paragraphs, the first of which was a general denial; the second and third alleged a discharge in bankruptcy.

The appellants filed a motion to make the second and third paragraphs more specific, which was overruled by the court, and they then filed demurrers, which were also overruled; to all of said rulings they reserved proper exceptions.

Several paragraphs of reply were next filed by the appellants, to which, except the general denial, demurrers were filed and sustained, and they reserved the proper exception. Upon the issues joined, the cause was submitted to the court for trial, and after hearing the evidence the court found for the appellees, and over a motion for a new trial rendered judgment for the appellees.

There are four errors assigned, in substance, as follows: 1. The court erred in overruling the motion to make the second and third paragraphs of Blake's answer more specific. 2. In overruling the demurrer to said answers. 3. In sustaining the demurrers to the replies to the said answers. 4. In overruling the motion for a new trial.

There are six alleged reasons in the motion for a new trial, two of which refer to matters that are not properly assign-

able as reasons for a new trial, and can not, therefore, be considered as such.

The other four reasons are substantially as follows: 3. The court erred in refusing to permit the appellants to introduce as evidence on the trial a certified copy of the schedule of his indebtedness, filed by the appellee Blake in the proceedings in bankruptcy. 4. The finding of the court is not sustained by sufficient evidence. 5. The finding of the court is contrary to .the evidence. 6. The finding of the court is contrary to law and the evidence.

The point is made that the evidence is not properly in the record. There is nothing in this objection. See *McCormick, etc., Co.* v. *Gray,* 114 Ind. 340.

We do not think that the court erred in overruling the motion to make the said answers of Blake more specific, nor in overruling the demurrers thereto.

It was wholly immaterial whether Blake became a bankrupt voluntarily or involuntarily. The answers were pleaded by Blake as separate answers in bar of his personal liability. It was alleged in the answers that he had been discharged by the proper court as a bankrupt, and a copy of his certificate of discharge was filed with the answers. They were clearly good. The court in which the bankruptcy proceedings occurred having jurisdiction, the validity of its judgment is not subject to collateral attack; if there existed any cause for setting aside the judgment, the proper and only court wherein that question could be considered was the court in which the judgment was given. *Boyd* v. *Olvey,* 82 Ind. 294, and cases cited; *Blair* v. *Hanna,* 87 Ind. 298, and cases cited.

In the former case it was said: " The judgment is conclusive, not simply as to the fact that the bankrupt was discharged, but it also conclusively establishes the fact that he was entitled to a discharge."

In view of what we have stated above, and the authori-

ties cited, the conclusion must follow that the second and third paragraphs of the reply were bad.

The fourth and fifth paragraphs of the reply were also bad. Under the arrangement alleged in the complaint when Blake received his conveyance he became liable as the principal debtor for the payment of the notes of his grantor, the same as though he had taken them up and executed his own notes, and there was, therefore, an existing indebtedness from which the proceedings in bankruptcy discharged him.

What we have said disposes of the third reason stated in the motion for a new trial. The evidence fully supports the finding as to Blake.

The only question which we are called upon to consider, as between the appellants and the appellee Brehm, is, whether or not there was sufficient evidence to sustain the court's finding.

Notwithstanding the well-settled rule which prevails in this court, that a judgment will not be reversed where there is some evidence, no difference how slight it may be, to support the finding of the court, or the verdict of the jury, as the case may be, we are compelled to reverse the judgment in this case as to the Brehms, for the reason that the finding of the court is not sustained by sufficient evidence.

There is no controversy in the evidence as to the main facts involved in the issues as between the said appellees and the appellants.

It appears that when Walden conveyed to Begein, and took his notes for the purchase-money, the latter executed a mortgage to secure the notes, which was duly recorded; when Blake received his conveyance he agreed to pay as a part of the consideration the indebtedness as evidenced by said notes, and did pay all except that part which was evidenced by the note which is the foundation of this litigation.

When Ackerman received his deed and the appellee Philip Brehm his deed, the indebtedness secured by said note was

unpaid and the mortgage unsatisfied. The discharge of Blake, the principal debtor, as a bankrupt, did not release the mortgage. *Post* v. *Losey*, 111 Ind. 74, and cases cited. Some years after Philip Brehm received the conveyance Walden died, and his widow, as his sole heir, brought suit on the said note and obtained a personal judgment against Begein, which he was compelled to pay. The mortgage debt evidenced by said note being unpaid, and the mortgage unsatisfied of record when Brehm received his conveyance, he was a purchaser with notice.

If Walden had been living, or if he had assigned the note in his lifetime, or if an administrator had been appointed to settle his estate, or if his widow as his only heir could have successfully maintained an action to foreclose the said mortgage as against the property after Brehm received his deed (and as to their right so to do there can be no question), for the same reason the appellants had the right to a foreclosure. This could have been done solely on the ground that Brehm was a purchaser with notice.

Had Mrs. Freeman brought her action against Brehm to foreclose the mortgage, as she might have done, and compelled him or the property to pay the mortgage debt, he in that case would have had no right of action against Begein; and had an action of foreclosure been instituted by Mrs. Freeman, and Begein been made a party, he could have compelled a sale of the real estate before an execution could have been levied upon his property.

Under the facts as alleged in the complaint and as proven, when Begein conveyed to Blake the latter became the principal and the former his security. *State, ex rel.,* v. *Davis,* 96 Ind. 539; *Davis* v. *Hardy,* 76 Ind. 272; *Jones* v. *Parks,* 78 Ind. 537; *Hancock* v. *Fleming,* 103 Ind. 533; *Ellis* v. *Johnson,* 96 Ind. 377.

The debt having become the debt of Blake, the mortgage was not an encumbrance covered by the covenants in the deed of Begein to him. *State, ex rel.,* v. *Davis, supra.*

Begein would have been in no way liable to Blake or his grantees in case either, or the property, had been compelled to pay the debt. Brehm having acquired title to the property with notice of the encumbrance, held it subject to the payment of the mortgage debt in the hands of whomsoever it might be found other than Blake, the principal debtor. *Smith* v. *Lowry,* 113 Ind. 37.

Begein, as surety, having paid the debt, equity subrogated him to the rights of Walden under the mortgage. In other words, equity assigned to him the note as well as the mortgage, and afforded him the same remedy that Walden or his assignee or administrator or widow would have had. *Josselyn* v. *Edwards,* 57 Ind. 212 ; *Jones* v. *Tincher,* 15 Ind. 308.

We may add further, that if we regarded it as necessary to the appellants' right of action that notice of the agreement between Begein and Blake, whereby the latter assumed the debt to Walden, must have come to the appellee Philip Brehm before he received his deed and paid the purchase-money, as he had constructive notice of the encumbrance and of his source of title, he had sufficient information to put him upon inquiry, which would have given him the necessary information, and charged him with notice. But we do not regard such notice necessary. Had the mortgage debt been paid by Begein, and the mortgage entered satisfied of record, a different question would be presented.

The judgment is affirmed as to the appellee Blake, with costs against the appellants, and reversed as to the other appellees, with costs against them.

Filed Jan. 16, 1890; petition for a rehearing overruled April 5, 1890.