ALLEN *v.* THE STUDEBAKER BROTHERS MANUFAC-
TURING COMPANY ET AL.

[No. 18,581.    Filed April 6, 1899.]

PLEADING. — *Answer.* — *Verification.* — *Harmless Error.* — Plaintiff
brought suit to foreclose a mortgage executed by defendants, and
also certain mortgages executed by defendants' grantors upon the
same property, the payment of which had been assumed by de-
fendants as a part consideration for the sale of the property to them.
Defendants filed an unverified answer, alleging the invalidity of the
sale to them and the consequent want of consideration for their
promise to pay their grantors' debts. *Held*, since such answer
could have been stricken out on motion by reason of its failure to
comply with section 367 Burns 1894, requiring such a pleading to
be verified, that sustaining a demurrer thereto was harmless, if
error, as the correct result was reached. *pp. 406-411.*

SAME.—*Answer.*—*Estoppel.*—Defendants cannot avoid the payment
of the debts of a corporation assumed by them in the purchase of
property as part of the purchase money thereof on the ground that
the deed to them was invalid and conveyed no title, where they
were in possession of the property, without objection, claiming to
own the same, had made valuable improvements thereon, and exe-
cuted a mortgage upon same to plaintiff to secure such purchase
money. *pp. 406-411.*

APPEAL AND ERROR.—*Exception.*—*Judgment.*—An assignment that
the court erred in rendering judgment in favor of a party who had
neither complaint nor cross-complaint upon which to base the judg-
ment presents no question on appeal, where no objection or excep-
tion was made to the rendition thereof in the court below. *pp.411,412.*

From the Grant Circuit Court.    *Affirmed.*

*John A. Kersey,* for appellant.

*H. J. Paulus,* for appellees.

MONKS, C. J.—This action was brought by "The Stude-
baker Brothers Manufacturing Company," against its co-ap-
pellees and appellant to foreclose three mortgages on real and
personal property, and to recover judgment on the notes se-
cured thereby.

The complaint of the plaintiff below was based upon five
promissory notes, and the mortgages given to secure the same.

The notes and two of the mortgages, one on real, and the other on personal property, were executed by the appellee, The Studebaker VonBehren Mfg. Company.

It is averred in the complaint in substance, among other things, that in January, 1893, said Studebaker VonBehren Manufacturing Company, by deed, sold and conveyed all of its property, real and personal, being the same real and personal property described in said mortgages, to appellant and Clement W. Studebaker, as partners, who, as a part of the consideration for said property, assumed and promised to pay the indebtedness of the said corporation, including the indebtedness secured by said mortgages; that afterwards, in August, 1893, said appellant and Clement W. Studebaker, doing business under the firm name of Studebaker and Allen, executed to said plaintiff below a mortgage on all of said real and personal property described in the mortgages aforesaid, as an additional security for the indebtedness of said Studebaker VonBehren Mfg. Co. secured by said two mortgages, and that in said mortgage so executed by said firm, it was recited that said firm composed of appellant and said Clement W. Studebaker had assumed the payment of the indebtedness secured by said two mortgages executed by said Studebaker VonBehren Mfg. Co.

Said complaint demanded a foreclosure of said three mortgages, and a personal judgment against the Studebaker VonBehren Mfg. Co. on said notes, and against Clement W. Studebaker and appellant on the assumption and agreement to pay the same. Appellees other than the Studebaker Bros. Mfg. Co., the Studebaker VonBehren Mfg. Co., and Clement W. Studebaker were made defendants in the court below as holders of mortgages junior to the three mortgages described in the complaint. Numerous cross-complaints and other pleadings were filed and after issues joined a trial was had resulting in judgments against the Studebaker VonBehren Mfg. Co., Clement W. Studebaker and appellant on the complaint, as well as on a number of the cross-complaints, and a

foreclosure of the mortgages described in said several pleadings.

The errors assigned by appellant, and not waived, are: (1) The court erred in sustaining the demurrer of the Studebaker Bros. Mfg. Co., the plaintiff below, to the amended second paragraph of appellant's answer to the complaint. (2) The court erred in rendering judgment for Mary A. Studebaker, for the reason that she had neither complaint, nor cross-complaint, upon which to base such judgment.

The amended second paragraph of appellant's answer only purported to answer so much of the complaint as sought to recover a personal judgment against him, on the assumption and promise of Clement W. Studebaker and himself as partners, to pay the indebtedness secured by the mortgages sued upon in the complaint, as a part of the purchase money for the property therein described. It is admitted in said amended second paragraph of appellant's answer to the complaint, that appellant assumed and agreed to pay the indebtedness of the Studebaker VonBehren Mfg. Co. including the indebtedness secured by the mortgages sued upon in the complaint, as a part of the purchase money for the property, but it is alleged that the only consideration there ever was for such undertaking was the said sawmill property and plant, which were then so mortgaged as aforesaid to plaintiff to secure the payment of said indebtedness so sued upon in said complaint; and the defendant and his codefendant Clement W. Studebaker, then took possession of said property and plant, and operated the same successfully and continuously until July 15, 1893, and they applied all the net income thereof to the improvement and betterment of said property and plant, and purchased and added thereto more than $10,000 worth of new machinery, and increased the capacity and value of said property and plant as a lumber mill in that amount, and said sale was never in any manner authorized or ratified by the directors or stockholders of said Studebaker VonBehren Mfg. Co., and said Studebaker VonBehren Mfg.

Co. is still a corporation, and still owns, and has a right to the possession of all of said property and plant, and the same never become the property of the defendant and his codefendant Clement W. Studebaker by means of said attempted purchase nor otherwise than their respective interest therein as stockholders of said corporation, * * * "and by reason of the premises, said undertaking to pay said indebtedness is without any consideration, and the consideration of said undertaking has failed."

Giving this paragraph the construction most favorable to appellant it purports to be a special answer of want of consideration for the appellant's promise to pay the debts of the corporation sued on in the complaint, and the theory of the pleading seems to be, that, as the sale to said firm of Studebaker and Allen was not authorized by the directors or stockholders of the corporation, the deed executed to them as alleged in the complaint was not the act or deed of the corporation, and for that reason no title passed to them thereby, and that therefore there was no consideration for the promise to pay the debts of said corporation.    In other words, as the complaint alleges that the sale of the said property to Studebaker and Allen was by deed of the Studebaker VonBehren Mfg. Co., said amended paragraph of answer attempts to deny its execution by said corporation, as alleged in the complaint, by averring that the sale was not authorized or ratified by the directors or stockholders.

Section 367 Burns 1894, section 364 Horner 1897, provides that "When a pleading is founded on a written instrument, or such an instrument is therein referred to; * * * such instrument * * * may be read in evidence on the trial of the cause without proving its execution, unless its execution be denied by pleading under oath or by an affidavit filed with the pleading denying the execution, and when a written instrument * * * is so pleaded or referred to, proof of the names of the makers, assignors, obligors, as-

signees, payees or obligees shall not be necessary unless the same shall be denied under oath."

The deed to Studebaker and Allen for said sawmill and plant is referred to in the complaint and it is alleged that the sale and conveyance of said property by said deed was the consideration for the promise of Studebaker and Allen to pay the debts of said Studebaker VonBehren Mfg. Co. Said amended second paragraph of answer also alleges the same fact, but claims in effect that the deed that was executed was invalid, and conveyed no title, because the sale of said property was not authorized or ratified by the board of directors or stockholders of said corporation. As said amended paragraph of answer was not verified, nor an affidavit denying such execution filed with such pleading, as required by section 367, 364, *supra*, it could for that reason have been stricken out on motion.

It is not material whether the objection to said paragraph should have been taken by motion or demurrer, for the reason that even if the wrong mode was adopted, which we do not decide, as the correct result was reached, the error, if any, was harmless. Elliott's App. Proc. section 633. Said demurrer was properly sustained, even if section 367, 364, was not in force and the contrary rule prevailed upon the subject. It is not alleged in said paragraph of answer that said corporation had ever questioned the validity of said deed or demanded the possession of said property, or that appellant or the firm of which he was a member, the grantees in said deed, ever surrendered the possession or offered to surrender the possession thereof to said corporation. On the contrary, the allegations of said amended paragraph of answer and the allegations of the complaint, not denied by said paragraph, show that the firm of Studebaker and Allen of which appellant was a member took possession of the real and personal property described in the deed of Studebaker VonBehren Mfg. Co. under said deed,—and if not averred this would be the presumption in the absence of

anything showing to the contrary (*Roger* v. *Place*, 29 Ind. 577, 581), and expended $10,000 in adding new machinery and otherwise improving the same, and that on August 5, 1893, about seven months after they had received the deed for said property, they executed to the plaintiff below a mortgage thereon, including said improvements and additions as additional security for the notes sued upon in the complaint, which they had promised to pay as a part of the consideration for said property. Said firm was in the possession of said property under said deed, claiming to own the same, improving and making additions thereto, executing mortgages thereon, and realizing large profits therefrom, and in all respects treating said property as their own, and so far as the allegations of said paragraph of answer show, this was without objection or claim from said corporation, a codefendant in the court below, or any one else. The facts alleged in said paragraph do not show either a want or failure of consideration for the promise of appellant and his partner. Under such circumstances appellant cannot relieve the firm of which he was a member, from the payment of the purchase money therefor, on the ground that the deed was invalid and conveyed no title. *Woburn* v. *Henshaw*, 101 Mass. 193, 200; *Comstock* v. *Smith*, 26 Mich. 306; 2 Herman on Estop., section 1058; Bigelow on Estop. (4th ed.) 488.

The error assigned, that the court erred in rendering judgment in favor of Mary A. Studebaker, presents no question for our consideration. No objection was made in the court below to the rendition of the judgment in favor of Mary A. Studebaker, nor was any exception taken thereto, nor was any motion made to set aside or modify or change it in any manner. To present in this court the question, whether or not the personal judgment in favor of Mary A. Studebaker against appellant was correctly rendered, the objection urged thereto should have been properly presented to the court below, and that ruling, if adverse to appellant, should have been assigned as error. Elliott's App. Proc., sections 345, 346;

Pittsburgh, etc., R. Co. *v.* Hosea.

*Cockrum* v. *West*, 122 Ind. 372, 377, and cases cited; *Rardin* v. *Walpole*, 38 Ind. 146, 150; *Smith* v. *Dodds*, 35 Ind. 452, 460; *Buell* v. *Shuman*, 28 Ind. 464, 466; *Evans* v. *State*, 150 Ind. 651, 655-656, and cases cited; *Jarrell* v. *Brubaker*, 150 Ind. 260.

Finding no available error in the record the judgment is affirmed.