MEROM GRAVEL COMPANY *v.* PEARSON.

[No. 4,637.    Filed January 28, 1904.    Mandate modified May 18, 1904.]

HIGHWAYS.—*Establishment.—Objections.— Trial.— Issues.*—Where from an order establishing a highway an objector appealed, and in the circuit court renewed his motion made before the board of commissioners to strike out the report of the viewers, and, upon the overruling of such motion, filed an answer denying the public utility of the highway, the court properly submitted to the jury the single question of public utility. *pp. 175, 176.*

SAME.—*Report of Viewers.—Description of Highway.*—The report of viewers in a proceeding to establish a highway, that the highway was to be thirty feet in width, and to commence at the place where a public highway intersects the section line on the west side of the northwest quarter of the southwest quarter of section twenty-one, township seven north, range ten west, running thence south to the southwest corner of said section twenty-one, joining to the public highway on the west side of section line of section twenty-eight, township and range aforesaid, is not objectionable for insufficiency of description. *pp. 176, 177.*

SAME.—*Report of Viewers.—Description.*—An objection to the report of viewers in a proceeding to establish a highway that the description of the highway was written in the report after it had been filed and without the knowledge or consent of the viewers was a question primarily for the determination of the board of commissioners and the circuit court, and will not be reviewed on appeal in the absence of a bill of exceptions showing what evidence was presented. *p. 177.*

**HIGHWAYS.**— *Establishment.*— *Defective Judgment.*— *Correction on Appeal.*— Where on appeal from an order establishing a public highway it appears that the judgment is defective for failure to specify the width of the road, the judgment will not be reversed for such reason, but the cause will be remanded with directions to the trial court to correct the judgment by inserting the width of the highway in accordance with the viewers' report. *pp. 177, 178.*

From Sullivan Circuit Court; *W. R. Nesbit,* Special Judge.

Proceeding by James J. Pearson and others to establish a highway. The Merom Gravel Company filed objections. From a judgment establishing the highway the objector appeals. *Affirmed.*

*W. T. Douthitt, J. T. Hays* and *W. H. Hays,* for appellant.

*C. D. Hunt* and *A. G. McNabb,* for appellee.

ROBY, J.—Appellees petitioned the board of commissioners of Sullivan county, at their May term, 1901, for the establishment of a highway in said county. Viewers were appointed, and at the June term reported in favor thereof. Appellant thereupon objected to the report for these reasons: (1) That it "does not show that said viewers proceeded to lay out and mark said highway upon any ground anywhere;" (2) that when said report was filed it "contained no description whatever, but the said report has been changed by some one in the absence of said viewers so as to include a description which was not placed there by said viewers, or with their knowledge or consent;" (3) that said proposed highway has not been laid out or marked upon the best ground, or upon any ground. This objection was overruled. Appellant thereupon filed a remonstrance asking that other viewers be appointed, but stating no grounds of remonstrance. Reviewers were appointed as asked, and ordered to report upon the question of public utility. Such report was made, finding that the proposed highway would be of public utility. From an order establishing it, appellant appealed, and in the circuit

court renewed its motion to strike out the report, which motion was again overruled.  It then filed an answer denying the public utility of the proposed highway.  The issue was submitted to a jury.  Verdict for appellees.  Motions for a *venire de novo* and for a new trial were overruled. Judgment on verdict.

The court refused to submit to the jury the question as to whether the highway was laid out, marked, or located by the original viewers, submitting to it the single question of public utility.  In the case of *Trittipo* v. *Beaver,* 155 Ind. 652, the practice upon appeal from the commissioners to the circuit court was reviewed, and a clear and definite statement of the practice made.  The case was one for the establishment of a drain, but its reason makes it equally authoritative in the pending proceeding.  The petition and the report of the viewers and reviewers are considered as the plaintiff's complaint; the remonstrance as the defendant's answer; and such facts as are not controverted by the remonstrance stand admitted.  The issue made by this remonstrance went only to public utility, and the court did not err in restricting the trial to such issue.

The third assignment of error is to the effect that the court erred in overruling said motion to strike out said report.  Treating this report as a part of the complaint, the correctness of the ruling made is presented.  The report is in part as follows:  "We met as directed in the order hereunto attached and made a part hereof, and, after being duly qualified as appears therein, proceeded to view such proposed highway in the manner as by the law prescribed, which by routes and bounds, course and distance, is as follows, to wit:  The said proposed highway to be thirty feet in width, and commences at the place where a public highway intersects the section line on the west side of the northwest quarter of the southwest quarter of section twenty-one, township seven north, range ten west, running thence south to the southwest corner of said section twenty-

one, joining to the public highway on the west side of section line of section twenty-eight, township and range aforesaid." The description of the highway therein contained is sufficient. *Campbell* v. *Fogg,* 132 Ind. 1; *Mossman* v. *Forrest,* 27 Ind. 233.

As to the further ground that such description was written in the report after it had been filed, and without the knowledge or consent of the viewers, it need only be said that the fact involved was primarily for the board and for the court. Appellant did not, so far as appears, offer any proof, by affidavit or otherwise, in the commissioners'. court as to the truth of the statement which devolved upon him to prove. *Blemel* v. *Shattuck,* 133 Ind. 498; *Denton* v. *Thompson,* 136 Ind. 446. Its motion filed in the circuit court was verified, but in the absence of any bill of exceptions showing what evidence was presented the presumption must be in favor of the correctness of the ruling.

Judgment affirmed.


## ON MOTION TO MODIFY MANDATE.

ROBY, J.—An application is made by appellee since the affirmance of the judgment herein for an order directing the circuit court to correct the judgment by specifying therein the width of the road as established. Appellant objects to the making of any order in the premises.

The reports of both the viewers and reviewers fixed the width of the highway at thirty feet. The issue tried was whether or not a highway thirty feet wide along the designated route would be of public utility. The finding was in the affirmative. In *Sidener* v. *Essex,* 22 Ind. 201, one ground relied upon by the appellant for the reversal of the judgment was that the width of the road was not specified in the order of the court. In the case at bar appellant has not assigned any error involving such question, nor does it

seem to have been in any way brought to the attention of the trial court. The report of the reviewers in the Sidener case specified the width of the road, as do the reports made in this proceeding. The court there said: "But the final order of the court is plainly defective, because it fails to specify the width of the road. Of this, however, the appellant has no right to complain. The defectiveness of the order, in this respect, in no way conflicted with his rights; nor does it appear that such defect was pointed out to the lower court. In looking into the whole record we perceive no error which authorizes a reversal. The judgment will therefore be affirmed, with directions to the circuit court to correct the order, by specifying the width of the road." It would be a reproach to permit substantial rights established by persistent litigation to be made worthless because of defects in the form of the judgment, discovered while the courts still have jurisdiction and power to remedy such defects. Following *Sidener* v. *Essex, supra,* the mandate herein is modified, the judgment affirmed, and the cause remanded, with instructions to the trial court to correct the judgment heretofore rendered by inserting therein the width of the highway in accordance with the viewers' report.