HAACK v. THEISE.

(Supreme Court, Appellate Term.　June 28, 1906.)

BANKRUPTCY—DISCHARGE—DEFECTIVE SCHEDULE.

    Bankr. Law July 1, 1898, c. 541, § 7, subd. 8, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425], requires a bankrupt to prepare, verify, and file a schedule containing a list of his creditors, showing their residences, if known, and, if unknown, to state the fact, and section 17, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], declares that a discharge in bankruptcy shall release the bankrupt from all his provable debts except such as have not been duly scheduled with the name of the creditor if known to the bankrupt, unless such creditor shall have notice or actual knowledge of the proceedings in bankruptcy. General Bankruptcy Order No. 5 (89 Fed. v, 32 C. C. A. viii) directs that all schedules shall be printed or written out plainly, without abbreviations. *Held* that, where a bankrupt erroneously scheduled plaintiff, whose name was James J. Haack, as a creditor by the name "James Haack and wife," and referred to claimant's residence by ditto marks under the words "c/o New York Clipper, N. Y. C.," plaintiff's debt was not thereby "duly scheduled."

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by James J. Haack against Mortimer M. Theise. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

M. Strassman, for appellant.
Leon Laski, for respondent.

LEVENTRITT, J.　The action was upon an account stated and for money loaned. The defense was a discharge in bankruptcy, and at the trial in support thereof the defendant introduced in evidence a certified copy of the order of discharge, and so much of the schedule annexed to his petition for adjudication in bankruptcy as relates to his liabilities. The claim of the plaintiff was scheduled after that of another creditor, Shiby & Gaffney, in manner following: .

| Names of Creditors. | Residence (if Unknown That Fact must be Stated). | When and Where Contracted. | Nature and Consideration of Debt, etc. | Amount. |
|---|---|---|---|---|
| Shiby & Gaffney. | Care New York Clipper, N. Y. C. | New York, 1902. | Actor's Salary. | 50. |
| James Haack and wife. | " | " | "　" | 300. |

The plaintiff maintains that he is exempted from the operative force of the discharge because his claim was not properly scheduled, nor had he notice or knowledge of the bankruptcy proceedings, and that therefore a judgment in favor of the defendant should not have been rendered. The bankruptcy law of July 1, 1898 (chapter 541, § 7, subd. 8, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425]), requires the bankrupt to prepare, verify, and file a schedule of his property, containing "a list of

his creditors, showing their residences, if known; if unknown, that fact
to be stated.   *   *   *   Those details are essential to insure the delivery
to creditors of the notices which under the law they should receive.

Section 17, 30 Stat. 550, 551 [U. S. Comp. St. 1901, p. 3428], provides
that:

"A discharge in bankruptcy shall release a bankrupt from all his provable
debts except such as   *   *   *   (3) have not been duly scheduled in time
for proof and allowance with the name of the creditor if known to the bank-
rupt, unless such creditor had notice or actual knowledge of the proceedings
in bankruptcy."

These features of the present act, when contrasted with the provisions
of preceding acts, indicate a legislative intent that greater strictness shall
prevail in notifying the creditor of the various proceedings in bank-
ruptcy.   Columbia Bank v. Birkett, 174 N. Y. 112, 66 N. E. 652, 102
Am. St. Rep. 478.   If through the bankrupt's default no notice reaches
the creditor, and no actual knowledge on his part is shown, the debt is
not discharged.   Westheimer v. Howard, (Sup.) 93 N. Y. Supp. 518.
The schedule of debts which the bankrupt files furnishes the basis for
the notices to be sent, and "thus the bankrupt appears to be made re-
sponsible for the correctness of the list of his creditors."   Columbia
Bank v. Birkett, supra.   Every requirement of the act and of the rule of
the United States Supreme Court relating thereto was ignored by the
defendant in scheduling plaintiff's debt.   The plaintiff as a creditor was
incorrectly listed as "James Haack and wife."   There was no such con-
cern, and the defendant had no such creditor.   The resort to ditto
marks in attempting to indicate the plaintiff's residence is in violation
of both the letter and the spirit of the act, as well as the rule, and, more-
over, has never been sanctioned by authority.   The rule is known as
"General Order No. 5" (89 Fed. v, 32 C. C. A. viii), and directs that all
schedules shall be printed or written out plainly, without abbreviations.
But, even if these ditto marks be invested with the broadest significance
as a duplication of the statement of the residence of Shiby and Gaffney,
they are grossly insufficient.   Then the residence of the plaintiff would
be stated as "c/o New York Clipper, N. Y. C."   By no analysis of that
combination of words and letters could the conclusion be reached that a
residence is indicated.   The most liberal construction would locate the
plaintiff's residence "in care of New York Clipper, New York City."
With that information, who could assert where the plaintiff resided?

Save in a statement of the amount of the debt, the schedules further
violate the provisions against the adoption of abbreviations.   The plain-
tiff's debt not having been duly scheduled, the defendant's discharge did
not affect it, unless the plaintiff had notice or actual knowledge of the
proceeding.   The plaintiff in positive terms asserted that he had no no-
tice or knowledge thereof until this trial.   No attempt was made to
contradict him, except through vague statements of the defendant,
which do not rise to the dignity of contradiction.

Under the evidence, the plaintiff was entitled to a judgment.   That
rendered in favor of the defendant must therefore be reversed, and a
new trial ordered.   Costs are awarded to the appellant to abide event.
All concur.