## POLLEY v. POGUE ET AL.

[No. 5,883.   Filed October 25, 1906.]

1. APPEAL AND ERROR.—*Weighing Evidence.*—*Bills and Notes.*— The Appellate Court will not weigh conflicting evidence to overthrow the trial court's finding that the note in suit was not a renewal of a former note.   p. 679.

2. MORTGAGES. — *Validity.* — *Widow Remarrying.*—*Descent and Distribution.*—A mortgage executed by a married woman, who inherited the lands mortgaged from a former husband by whom she had children living, is void under §2641 Burns 1901, §2484 R. S. 1881.   p. 679.

3. JUDGMENT.—*Without Relief.*—*Bills and Notes.*—A judgment rendered upon a note containing a provision that it shall be collectible without relief from valuation or appraisement laws should, under §585 Burns 1901, §576 R. S. 1881, provide for the collection thereof without any such relief.   p. 679.

4. SAME.—*Without Relief.*—*Evidence.*—An unimpeached stipulation in a note that such note should be collectible without relief entitles the plaintiff to a judgment so collectible.   p. 680.

5. NEW TRIAL. — *Contrary to Law.* — *Insufficient Evidence.* — *Failure to Find Proven Facts.*—A failure to find material proven facts renders the decision pronounced upon the special findings contrary to law; and a new trial will be granted therefor as well as upon the ground of the insufficiency of the evidence.   p. 680.

From Jay Circuit Court; *John W. Macy,* Special Judge.

Suit by Jennie C. Polley against Josephine A. Pogue and others. From a decree for plaintiff, for less than her claim, she appeals. *Reversed.*

*Smith & Moran,* for appellant.

ROBINSON, C. J.—Suit by appellant upon a promissory note and to foreclose a mortgage.

John R. Bolen died intestate, the owner in fee of certain lands, leaving as his only heirs at law appellee Josephine A. Pogue, his widow, and the other appellees (except John Pogue), his children. During her widowhood, Josephine borrowed $300 from appellant and executed her note and mortgage to secure its payment. Afterward, and before

her marriage with Pogue, the land having been set off to Josephine as her interest in the lands of Bolen, Josephine sold a part of the land to Bickel, who assumed and agreed to pay $200 of such mortgage, which he paid with interest. Josephine intermarried with John Pogue, and is now his wife. Afterward she borrowed from appellant $175, and agreed to pay commission and expense of $10 for the same, and executed the note in suit in consideration of such loan and commission, and to secure the same she and her husband, John Pogue, executed the mortgage mentioned in the complaint. This mortgage was not a renewal of any part of the first mortgage, but was to secure a loan made to Josephine A. Pogue. The loan for $175 has never been paid, and is due in the sum of $405.70.

Upon the above finding of facts the court stated as a conclusion of law that appellant "is entitled to recover of the defendant Josephine A. Pogue the sum of $405.70, together with her costs of suit, so far as it relates to the suit on the note;" that the other defendants should recover costs, and that appellee should recover all costs made by her on her defense against the mortgages sued on.

We cannot disturb the court's finding, upon the evidence, that the mortgage given to secure the note in suit was not a renewal of any part of the first mortgage given by Josephine A. Pogue while she was the widow of John Bolen. There is evidence authorizing the finding that this note was a loan made to Josephine A. Pogue. The second mortgage was void. §2641 Burns 1901, §2484 R. S. 1881.

The judgment follows the conclusions of law, and the conclusions of law upon the facts found are right. But under the motion for a new trial it is argued that the finding should contain the fact that the amount due the appellant was without relief. The note stipulated that it should be collectible without relief from valuation or appraisement laws. The statute provides that

when a judgment is to be executed without relief from appraisement laws it shall be so ordered in the judgment. §585 Burns 1901, §576 R. S. 1881.   The stipulation in the contract, unimpeached in any way, entitled appellant to a judgment without relief; but the judgment rendered does not so stipulate, and could not so stipulate, based upon the conclusions from the facts as found.  *Duckwall* v. *Kisner* (1893), 136 Ind. 99.

"Where pertinent and material facts are proved," said the court in *Gray* v. *Taylor* (1891), 2 Ind. App. 155, "but the court does not find upon them, and thereby impliedly finds that they are not proved, the finding in such respect is contrary to law, as well as contrary to the evidence, and good cause arises therefrom for a new trial."   See, also, *Spraker* v. *Armstrong* (1881), 79 Ind. 577; *Robinson* v. *Snyder* (1881), 74 Ind. 110.

The motion for a new trial should have been sustained. Judgment reversed.