## KREITLEIN v. FERGER.

[No. 7,507. Filed March 8, 1912. Rehearing denied June 29, 1912.
Transfer denied January 23, 1913.]

1. EVIDENCE.—*Discharge in Bankruptcy.*—A certificate of discharge
   in bankruptcy is evidence of the jurisdiction of the court, the reg-
   ularity of the proceedings in the bankruptcy case, and the fact
   that such order of discharge was made therein.   p. 203.
2. BANKRUPTCY.—*Discharge.*—*Debts Affected.*—Under the provi-
   sions of the bankruptcy act of 1898, as amended in 1903, a dis-
   charge in bankruptcy does not operate as a discharge of all the
   debts of the bankrupt, but releases him from all provable debts,
   except as therein otherwise specially provided.   p. 204.
3. BANKRUPTCY.—*Provable Debts.*—*Judgment.*—A judgment is a
   provable debt under §63*a*(1) of the bankruptcy act of 1898 as
   amended in 1903.   (1 Fed. Stat. Annot. 679.)   p. 205.
4. BANKRUPTCY. — *Debts Discharged.* — *Notice.* — Under the bank-
   ruptcy act of 1898, as amended in 1903, providing that debts not
   duly scheduled in time for proof and allowance, with the name of
   the creditor, if known to the bankrupt, are not affected by a
   discharge in bankruptcy, unless the creditor had actual knowl-
   edge of the proceeding in bankruptcy, and providing that, in his
   list of creditors, the bankrupt shall show the residence of each
   creditor, if known, a debt was not discharged by a bankruptcy
   proceeding, where the schedule of the debt gave only the initial,
   instead of the full Christian name, of the creditor, and gave his

residence as Indianapolis, without any street or number, and such creditor received no actual notice of the proceedings. pp. 205, 206.

5.  NAMES.—*Initials.*—The. initial of a given name alone and unexplained is not recognized as a name. p. 206.

6.  JUDGMENT. — *Action on Judgment.* — *Defense.* — *Discharge in Bankruptcy.*—*Proof.*—*Burden.*—In an action on a prior judgment, where defendant pleaded a discharge in bankruptcy, he had the burden of proving that the debt which. he listed in his schedule of creditors in the bankruptcy proceeding was the debt of the plaintiff on which the action is brought, so that a judgment for plaintiff will not be disturbed on the ground that the decision is not sustained by sufficient evidence, or that it is contrary to law, where there was no proof in any way identifying the judgment sued on and the debt listed in the bankruptcy proceedings as being one and the same debt. p. 208.

7.  JUDGMENT.—*Action on Judgment.*—*Review.*—*Form of Judgment.* —*Failure to Object.*—Although it was improper, in an action on a judgment with relief and without exemption, to render a judgment with benefit of exemption and without relief, the judgment will not be reversed, where appellant failed to make objections or take exception to the form of the judgment, and made no motion to modify same. p. 209.

8.  APPEAL.—*Objection to Form of Judgment.*—*Presenting Question for Review.*—*Motion for New Trial.*—Questions arising on the form of a judgment are not presented by a motion for a new trial, on the ground that the decision is not sustained by sufficient evidence, except in cases where the facts are specially found and an error in the finding is carried into the judgment, but such questions are saved by objection and exception made at the time the judgment is rendered, or by a motion to modify or correct. pp. 209, 210.

9.  APPEAL.—*Review.*—*Error in Form of Judgment.*—*Disposition of Cause.*—In an action on a judgment with relief and without exemption, error in rendering judgment with benefit of exemption and without relief, will not operate as a cause for reversal on appeal, but the judgment will be ordered cured by a modification. p. 211.

From Superior Court of Marion County (75,562) ; *Vincent G. Clifford,* Judge.

Action by Charles Ferger against George F. Kreitlein. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John B. Elam, James W. Fesler* and *Harvey J. Elam,* for appellant.

Kreitlein *v.* Ferger—52 Ind. App. 199.

*Charles W. Appleman* and *William E. Reiley,* for appellee.

HOTTEL, J.—Appellee brought this suit to recover on a prior judgment which he held against appellant. The complaint was in one paragraph, to which appellant filed a general denial, and also pleaded a discharge in bankruptcy as a defense. Appellee replied in denial, and the cause was tried by the court which rendered judgment for appellee in the sum of $508.50, without relief from valuation or appraisement laws.

The only error relied on for reversal is the overruling of appellant's motion for a new trial, the grounds of which motion are (1) that the decision of the court is not sustained by sufficient evidence, and (2) that the decision of the court is contrary to law.

The material facts in this case are as follows: On November 23, 1897, appellee recovered a judgment against appellant in the Superior Court of Marion county for the sum of $300 and costs, and said judgment is now the basis of this action. Thereafter, in 1905, appellant duly filed his petition in bankruptcy, and obtained a discharge therein, which discharge he pleaded in defense when this action was brought in 1908.

The only question presented by this appeal is whether the decision of the court is sustained by sufficient evidence. On this question the averments of the complaint are conceded to be proven. The question we have to determine is, therefore, whether appellant's answer of discharge in bankruptcy is supported by the evidence. Appellant's position is that "there is no dispute in the evidence," and that this court should therefore "determine that as a matter of law appellant is entitled to judgment" on the facts proven.

The only evidence introduced by plaintiff was the judgment, that part of which important to this decision is as follows: "Come again the parties, and the jury having returned their verdict herein, finding for the plaintiff and

assessing his damages at the sum of $300.00, the court renders judgment thereon. It is therefore considered, adjudged and decreed by the court that the plaintiff recover of and from the defendant herein the sum of $300.00, collectible with relief from valuation and appraisement laws, but without exemption, and costs herein expended, taxed at $————.'' Charles Ferger testified on direct examination: ''I own the above judgment and it has never been paid.'' On cross-examination he said: ''I did not know that Mr. Kreitlein went through bankruptcy until lately, and did not get any notice of it.''

Defendant introduced in evidence the record of the verdict, and the answers by the jury to interrogatories in the case, in which the judgment was rendered, on which this suit was brought. There were twenty-five of these interrogatories, the answers to which, important in determining the questions involved in this case, were, in effect, that defendant in that case—appellant here—was on November 4, 5, 6, 7, 1895, insolvent, and that on said dates he ordered the flour described in plaintiff's complaint; that said defendant, neither in person nor by or through any one representing him, either at the time of ordering said flour or prior thereto, made any representations to the plaintiff as to his (defendant's) financial condition; that neither defendant nor any one representing him had at either of said times made any representation to the public generally as to the solvency or insolvency of such defendant; that neither at the time defendant received said flour, nor prior thereto, had he, or any one representing him, made any false representations to the plaintiff or to the public generally as to the solvency or insolvency of defendant; that plaintiff in receiving the order for said flour and filling the same did not rely on any statements made to him or to the public generally by defendant, or by any one representing defendant; that plaintiff in that suit—appellee here—believed that the sale of said flour was a sale for cash, and sent his son to

collect for the same, who received from defendant shoes, the value of which was to be credited on the account of plaintiff against defendant; that plaintiff, after the sale of said flour, sent an attorney to defendant, who demanded payment of the account, to whom defendant made a promise to pay the account within twenty-four hours, and said attorney, with knowledge of the facts under which the flour was purchased, agreed to wait, and did wait until the time promised by defendant. Appellant also introduced in evidence the original petition and schedule filed therewith in the bankruptcy proceedings, November 11, 1905. In the schedule, which was a statement of all creditors whose claims were unsecured, appears under the heading *"Names"*, "C. Ferger"; under the heading *"Residence"*, "Indianapolis"; under the heading *"Place and Date"*, "Indianapolis, 1895"; under the heading *"Nature"*, "Merchandise"; under the heading "Amount", "$271.85". The discharge in bankruptcy completed appellant's evidence, and it is as follows: "Whereas, George F. Kreitlein, in said district, has been duly adjudged a bankrupt, under the acts of Congress relating to bankruptcy, and appears to have conformed to all requirements of law in that behalf, it is therefore ordered by this court that said George F. Kreitlein be discharged from all debts and claims which are made provable by said acts against his estate, and which existed on the 11th day of November, A. D. 1905, on which day the petition for adjudication was filed by him; excepting such debts as are by law excepted from the operation of a discharge in bankruptcy." This discharge was evidence of the jurisdiction of the court and the regularity of the proceedings in the bankruptcy case, and the fact that such order of discharge was made therein. Bankruptcy Act, §21, subd. c-f (1 Fed. Stat. Annot. 589); *Hays* v. *Ford* (1876), 55 Ind. 52; *Begein* v. *Brehm* (1890), 123 Ind. 160, 23 N. E. 496; *Graber* v. *Gault* (1905), 103 App. Div. 511, 515, 93 N. Y. Supp. 76.

The provisions of the bankruptcy act of 1898, as amended in 1903, applicable to the questions presented by this appeal, are as follows: (1) Section 17 (1 Fed. Stat. Annot. 2. 578): "Debts not affected by a discharge.—A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * ; (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy, * * * ." (2) Section 63 (1 Fed. Stat. Annot. 679): "Debts which may be proved. —a1 Debts of the bankrupt may be proved and allowed against his estate which are (1) [*fixed liability.*] A fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest * * * ." (3) That part of subd. 8, §7, which provides that the bankrupt shall, "prepare, make oath to, and file in court within ten days, * * * a list of his creditors, showing their residences, if known; if unknown, that fact to be stated, the amounts due each of them, the consideration thereof, the security held by them, if any, and a claim for such exemptions as he may be entitled to (1 Fed. Stat. Annot. 559)." Other sections provide for notices to be given to the creditors of the bankrupt of certain steps to be taken in such proceedings, the notices to be sent *by the referee in bankruptcy by mail to the "respective addresses"* of such creditors *"as they appear in the list of creditors of the bankrupt,* or as afterwards filed with the papers in the case by the creditors unless they waive notice in writing." (Our italics.) See §58, and also §33 subd. 4. In addition to the above is a general order, §33, subd. 5, which provides "that all of the schedules shall be printed or written out plainly

without abbreviation or interlineation, except when such abbreviation or interlineation may be for the purpose of reference.''

It will be seen from these provisions that a discharge in bankruptcy does not operate as a discharge of all the debts of such bankrupt, but that he shall be released from

3.    all of his *provable debts except those therein specially provided.* The debt herein sued on was a judgment, and under §63a(1), *supra,* was a provable debt.

It is insisted by appellant that the burden of proof is on appellee to prove that the debt sued on was included in any of the classes excepted from the discharge. On this question there is some conflict in the authorities both in our own State and in other jurisdictions. Under the bankruptcy law of 1841 our Supreme Court, in the case of *Sorden* v. *Gatewood* (1848), 1 Ind. *107, expressly held that the burden of proof in such a case is on the bankrupt, who pleads and relies on his discharge. This case has never been expressly overruled, and has been cited in the following cases. *Bivens* v. *Newcomb* (1850), 2 Ind. *98; *Slaughter* v. *Detiney* (1858), 10 Ind. 103; *Donald* v. *Kell* (1886), 111 Ind. 1, 4, 11 N. E. 782; *Madison Tp.* v. *Dunkle* (1888), 114 Ind. 262, 16 N. E. 593.

In this connection it is proper to say that while the case of *Sorden* v. *Gatewood, supra,* has never been expressly overruled by our Supreme Court, some doubt has been cast on it as an authority on this particular question by the later case of *Goddin* v. *Neal* (1885), 99 Ind. 334. In view, however, of our conclusion on the other questions presented by the appeal, we do not deem it important or necessary in this case to determine on whom rested the burden of proof as to said question.

Under the provision of §17, *supra,* the discharge in bankruptcy did not affect such debts of the bankrupt as

4.    had not been *"duly scheduled"* in time for proof and allowance, with the name of the creditor, if known to

the bankrupt, unless "such creditor had actual knowledge of the proceeding in bankruptcy," and subd. 8, §7, of said act, *supra,* provides that such bankrupt in his said list of creditors "shall show their residences if known, if unknown that fact to be stated." There can be no question under any of the authorities construing said provisions, but that it was at least necessary that such schedule should contain the name of such creditor or that such creditor should have actual knowledge of the proceedings, before it could be said that a discharge under such act would be a release as to such creditor. *Marshall* v. *English-American Loan, etc., Co.* (1906), 127 Ga. 376, 56 S. E. 449; *Custard* v. *Wigderson* (1907), 130 Wis. 412, 110 N. W. 263, 10 Ann. Cas. 740; *Columbia Bank* v. *Birkett* (1903), 174 N. Y. 112, 66 N. E. 652, 102 Am. St. 478.

In this State the initial of the given name alone and unexplained is not recognized as a name. *Bascom* v. *Toner* (1892), 5 Ind. App. 229, 31 N. E. 856; *Shearer* v. *R. S. Peale & Co.* (1894), 9 Ind. App. 282, 286, 36 N. E. 455; *Louden* v. *Walpole* (1848), 1 Ind. *319.

The other section, providing that the schedule should also contain the residences of such creditors, not being a part of the section providing the debts to be affected by the discharge and the exceptions therefrom, there is ground for holding that such statement of the residence is not a condition, the performance of which is necessary to prevent the operation of the discharge, and our attention is called to the case of *Steele* v. *Thalheimer* (1905), 74 Ark. 516, 518, 86 S. W. 305, which so holds. There are other cases, however, holding to the contrary. *Columbia Bank* v. *Birkett, supra; Haack* v. *Theise* (1906), 99 N. Y. Supp. 905, 51 Misc. 3.

The purpose of this provision is manifest. The law of 1898 is different from the bankruptcy laws of 1841 and 1867, in the matter of the manner and kind of notice to be

given the creditors of such bankrupt. The law of 1898 provides for individual notices of the proceedings in bankruptcy to be given to each creditor by mail, and the purpose of requiring the bankrupt to furnish the names and residences of his creditors is that the referee may have the information necessary to give such notices. These notices are important, and it is necessary that the bankrupt be as accurate and certain as he can be in the furnishing of said information in order that the provisions for the personal notice to the individual creditors required by the act, be complied with. If he withholds, or for any reason fails accurately and correctly to perform this duty required by the statute, the provision for such notice may be thereby defeated. "One of the fundamental principles in the jurisprudence of this country is that no man can be deprived of any legal right by a judicial proceeding to which he is not a party, and of which he has not received lawful notice or had actual knowledge." *In re Monroe* (1902), 114 Fed. 398. The court in the case just cited says further: "Creditors who have not been notified of the proceedings in the manner prescribed by the bankruptcy law are not estopped from asserting their rights by reason of mere failure on their part to be diligent in discovering the insolvency of their debtors or their resort to a court of bankruptcy."

In the case of *Columbia Bank* v. *Birkell, supra,* the court said on page 116: "The schedule of debts, which the bankrupt is to file with his petition, furnishes the basis for the notices which the referee, or the court, is to give thereafter to the creditors, and, thus, the bankrupt appears to be made responsible for the correctness of the list of his creditors. That he is to suffer, in the case of his failure to state the name of the creditor, to whom his debt is due, if known to him, seems to me very clear from the reading of §17 of the act. * * * I think it was intended that the decree discharging the voluntary bankrupt should be confined in its operations to the creditors, who had been duly listed and

who were enabled to receive the notices which the act provides for.''

On the question of the sufficiency of the statement in the schedule of the residence or address of the creditors, where they reside in large cities see *Haack* v. *Theise, supra; Cagliostro* v. *Indelli* (1907), 102 N. Y. Supp. 918, 53 Misc. 44.

As a matter of fact the proof shows that the information furnished by appellant in his schedule did not result in appellee's getting notice of said bankruptcy proceedings. We are of the opinion that, under the authorities cited and quoted from, appellee's debt was not duly scheduled according to the letter and spirit of said provisions of the bankruptcy act. But there is another reason why this judgment on its merits is correct. Under the answers of appellant, the burden was on him to prove that the debt which he listed in his said schedule of creditors was the debt of appellee herein sued on. The proof on this subject shows that the debt so listed by appellant in 1905 in said bankruptcy proceeding was the debt of C. Ferger, for $271.85 for merchandise. This suit was on a judgment rendered on November 23, 1897, for $300, amounting at the time of the judgment herein to $508.50. The record of said former judgment showed it to be a judgment in tort "without exemption." There is no proof whatever showing that the C. Ferger whose name appears on said schedule of the bankrupt is the Charles Ferger herein sued, or that said debt for merchandise bought in 1895 was any part of or in anyway connected with said judgment for tort rendered some seven years before said debt on said schedule was so listed. There is no proof that in anyway connects the two debts as one and the same debt, unless it could be said that said answers to interrogatories furnish such proof, and we fail to see wherein they can be said to identify the two debts as one and the same debt. See *Louden* v. *Walpole, supra.*

Appellant next insists that the motion for a new trial should be granted because the court in rendering the judgment herein rendered a judgment with benefit of
7. exemption and without relief, whereas the judgment on which the suit was predicated was with relief and without exemption. The judgment in this respect was wrong, but no objections were made or exceptions taken by appellant to the form of the judgment, and no motion was made to modify the same. Appellant insists that his
8. motion for a new trial presents the question, and relies on the cases of *Jarboe* v. *Brown* (1872), 39 Ind. 549, and *Polley* v. *Pogue* (1906), 38 Ind. App. 678, 78 N. E. 1051. We do not think either case cited supports appellant's contention. This court in *Polley* v. *Pogue, supra,* expressly bases its decision on the fact that the facts found by the court made it necessary that the judgment should be rendered in that case as it was, and says *"the finding in such respect is contrary to law as well as contrary to the evidence* and good cause arises therefrom for a new trial."

In *Jarboe* v. *Brown, supra,* there were reasons shown in the opinion for reversing the judgment in that case other than that a part of the same was rendered without relief. All of the more recent authorities hold that to save a question as to the form of the judgment some objection and exception must be made and saved at the time it is rendered, or a motion made to modify or correct. *Allen* v. *Studebaker Bros. Mfg. Co.* (1899), 152 Ind. 406, 53 N. E. 422; *Tucker* v. *Hyatt* (1898), 151 Ind. 332, 338, 51 N. E. 469, 44 L. R. A. 129; *Stalcup* v. *Dixon* (1893), 136 Ind. 9, 19, 35 N. E. 987; *Kelley* v. *Houts* (1903), 30 Ind. App. 474, 477, 66 N. E. 408; *Johnson* v. *Prine* (1876), 55 Ind. 351; *Lewis* v. *Edwards* (1873), 44 Ind. 333; Elliott, App. Proc. §§345, 346.

Judgment affirmed.

## ON PETITION FOR REHEARING.

HOTTEL, C. J.—On a petition for rehearing it is very earnestly insisted that the original opinion herein discloses the necessity for a reversal of the case. This contention is predicated on the statement in the opinion that the judgment below was wrong, in that it was rendered with benefit of exemption and without relief, "whereas the judgment upon which the suit was predicated was with relief and without exemption." It is insisted that this court is in error in holding that such mistake in the judgment was not properly presented by the grounds of the motion for a new trial, that the decision was not sustained by sufficient evidence and is contrary to law, and in holding that the attention of the court below should have been directed to the mistake by a proper objection to the judgment and exception to the same, or by a motion to modify.

Counsel, in support of their position, insist that the finding in this case contained the same error as that carried into the judgment, and that therefore the error is properly raised by said ground of the motion for a new trial. The case of *Migatz* v. *Stieglitz* (1906), 166 Ind. 361, 77 N. E. 400, and others of similar import are relied on. It must be remembered that in the case at bar there is no special finding, but only a general finding for plaintiff that he shall recover $508.50 without relief. Appellant's contention that where the finding contains the error and the judgment correctly follows the finding, that such error is presented by said grounds of the motion for new trial, is correct, where there has been a finding of facts. It is so manifest that the error here relied on was the result of mistake and oversight, which would have been promptly corrected by the trial court if its attention had been directly called to the same, that the reason for the application of the general rule, which requires that the attention of the trial court should be called to the particular error relied on

German, etc., Trust Co. *v.* Lafayette Box, etc., Co.—52 Ind. App. 211.

before it will be available on appeal, seems obvious.

9.   But, in any event, the error is not one that should operate to reverse the case, but is one which this court can and should cure by a modification of the judgment below. *Merom Gravel Road Co.* v. *Pearson* (1904), 33 Ind. App. 174, 69 N. E. 694, 71 N. E. 54; *Harris* v. *Curtis* (1905), 34 Ind. App. 438, 72 N. E. 1102; *McAfee* v. *Reynolds* (1891), 130 Ind. 33, 28 N. E. 423, 18 L. R. A. 211, 30 Am. St. 194; *Daugherty* v. *Wheeler* (1890), 125 Ind. 421, 25 N. E. 542.

The court will allow its judgment of affirmance to stand, with directions to the court below so to amend its judgment as to make it with relief from valuation and appraisement laws.

Petition for rehearing overruled.

NOTE.—Reported in 97 N. E. 819, 98 N. E. 1005. See, also, under (1) 5 Cyc. 407; (2) 5 Cyc. 377; (3) 5 Cyc. 401; (4) 5 Cyc. 404; (5) 29 Cyc. 269; (9) 3 Cyc. 424. For a discussion of the sufficiency of the schedule of debts required by the bankruptcy law, see 10 Ann. Cas. 742.