(53 Misc. Rep. 44)

### CAGLIOSTRO v. INDELLI.

(Supreme Court, Special Term, New York County. February 12, 1907.)

1. BANKRUPTCY—SCHEDULES—ADDRESS OF CREDITORS—NOTICE TO CREDITORS—DISCHARGE OF CLAIMS.

Where a debtor, in making up his schedule in bankruptcy, did not use due efforts to learn the street number of a certain judgment creditor, but simply stated in such schedule that the address was "Mulberry street, New York City," as a result of which the creditor had no knowledge of the bankruptcy proceedings and received no notice calling upon him to prove his claim, the debtor was not entitled to have the judgment discharged.

2. EVIDENCE—PRESUMPTION—MAILING AND DELIVERY OF LETTER—REBUTTAL.

The presumption that the postal authorities will deliver a letter directed to a certain person and addressed simply "Mulberry street, New York City," without any addition of the street number, cannot prevail against the positive statement of the addressee that he never received it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 111.]

Motion by Antonio Cagliostro against Pietro Indelli for the discharge of a judgment. Motion denied.

Maurice J. Katz, for the motion.
Joseph Gifuni, opposed.

GIEGERICH, J. Upon this motion for the discharge of a judgment the only question is as to whether the address of the judgment creditor as set forth in the schedules was sufficient. The residence, as stated in such schedules, is simply "Mulberry street, New York City." In opposition it is shown that the creditor in fact resides at No. 141 Mulberry street, and was residing at that place at the time of the filing of the petition and schedules, and had resided at such place for 15 years last past, and that his name and address have regularly appeared in the city directories since the time the judgment was rendered, and, furthermore, that his attorney's name appears on the transcript of the judgment, and that the attorney's name and address have regularly appeared in the city and telephone directories since the time

the judgment was rendered. The judgment creditor also denies that he had any knowledge that the defendant had filed a petition in bankruptcy until he was informed by his attorney that the present motion had been made, and that he ever received any notice, personally or by mail or otherwise, calling upon him to prove his claim.

I am satisfied that the petitioner, when he made up the schedules, failed to use due efforts to learn the street number of the judgment creditor, and that it was owing to such failure on his part that the judgment creditor received no notice. Such failure deprives him of the right to a discharge of such judgment. Columbia Bank v. Birkett, 174 N. Y. 112, 66 N. E. 652, 102 Am. St. Rep. 478; Sutherland v. Lasher, 41 Misc. Rep. 249, 84 N. Y. Supp. 56, affirmed 87 App. Div. 633, 84 N. Y. Supp. 1148. It may be that, in the absence of other evidence, there is a presumption that the postal authorities would deliver a letter to the plaintiff addressed simply "Mulberry street," without any addition of the street number, but such presumption cannot prevail as against the positive statement of the plaintiff that he never received such notice.

Motion denied without costs.