## CAMELOT, INC.

v.

## Ruben C. HAYDEN and Helen D. Hayden.

### No. Civ. 3–83–51.

United States District Court,
E.D. Tennessee, N.D.

March 18, 1983.

L. Caesar Stair, III, Knoxville, Tenn., for appellee.

John A. Walker, Jr., Knoxville, Tenn., for appellant.

## MEMORANDUM

### ROBERT L. TAYLOR, Chief Judge.

This bankruptcy appeal challenges the Bankruptcy Court's award of attorney fees, expenses, nominal damages and punitive damages under 11 U.S.C. § 303(i). Appellee was a corporation that operated a golf course and clubhouse in Hawkins County, Tennessee. Appellants were the managers and twenty-five percent owners of appellee. Additionally, appellants resided on the business premises. Michele Valletta, John Valletta and Bernardo Valletta (the Vallettas) were owners of the remaining seventy-five percent of appellee.

On December 14, 1981 the Vallettas notified appellants that they should cease to manage appellee and vacate the premises. The Vallettas claimed that appellants had failed to properly manage appellee. On December 15, 1981 appellants filed suit in the Circuit Court for Hawkins County, Tennessee to prevent their removal. In January 1982 the Hawkins County Circuit Court ordered appellee to be dissolved.

On February 23, 1982, appellants filed a Chapter 11 Involuntary Bankruptcy Petition against appellee. Appellants alleged standing to sue under Chapter 11 by claiming that they were creditors of appellee by $5,000.00 or more. See 11 U.S.C. § 303(b). Additionally, appellants claimed that appellee was not paying its debts as they became due. See 11 U.S.C. § 303(h)(1). After a hearing, appellee's motion to dismiss was granted on May 4, 1982. The Bankruptcy Court found that appellants were not creditors of appellee; rather appellants were debtors of appellee. The Bankruptcy Court further found that the only debts appellee failed to pay as they became due were those debts that appellants had concealed from appellee. Appellants do not appeal dismissal of the case.

On December 20, 1982, after another hearing, the Bankruptcy Court found that appellants had acted in bad faith and entered judgment against appellants for attorney fees, expenses, nominal damages and punitive damages. It is this judgment that appellants appeal.

Title 11 U.S.C. § 303(i) provides:

If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

(1) against the petitioners and in favor of the debtor for—

    (A) costs;

    (B) a reasonable attorney's fee; or

    (C) any damages proximately caused by the taking of possession of the debtor's property by a trustee appointed under subsection (g) of this section or section 1104 of this title [11 USCS § 1104]; or

(2) against any petitioner that filed the petition in bad faith, for—

    (A) any damages proximately caused by such filing; or

    (B) punitive damages.

Except for the award of attorney fees, a finding that appellants acted in bad faith

was necessary to support the Bankruptcy Court's judgment. "Bad faith" is not defined in the Bankruptcy Code. Appellants contend that bad faith is

> "(t)he opposite of 'good faith,' generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or contractual obligation not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive."

Black's Law Dictionary 127 (5th ed. 1979). The Bankruptcy Court recognized bad faith as being the opposite of good faith. With respect to 11 U.S.C. § 301(i), examples of bad faith include where the petition is ill advised or motivated by spite, malice or a desire to embarrass the debtor. 2 Collier on Bankruptcy ¶ 303.12 (15th ed. 1979). Whether a party acted in bad faith is essentially a question of fact. This Court "shall accept the (bankruptcy court's) findings of fact unless they are clearly erroneous, and shall give due regard to the opportunity of the (bankruptcy court) to judge the credibility of the witnesses." Rule 810, Rules of Bankruptcy.

This Court cannot say that the Bankruptcy Court's finding of bad faith was clearly erroneous. Bad faith existed in concealing debts which appellants had an obligation to disclose. Moreover, the record indicates that appellants knew that appellee did not owe appellants $5,000.00.[1] Appellants' petition was certainly ill advised and does not appear to have been prompted by an honest mistake. Appellants claim they were merely trying to save a business and that this indicates good faith. Appellants may not, however, use an impermissible means to achieve an otherwise legitimate goal.

Appellants argue that the award of expenses is improper without a showing of bad faith. Because this Court believes appellants acted in bad faith, however, the award of expenses is proper. These expenses, accountant fees and witness travel expenses, would not have been incurred but for the filing of the involuntary bankruptcy petition. These expenses were "damages proximately caused by such filing . . . ." 11 U.S.C. § 303(i)(2)(A). Also within this category of damages are the nominal damages of $100.00. Although appellee was unable to prove operational losses, the Court recognizes that appellants delayed the dissolution of appellee. This delay justifies an award of nominal damages.

Appellants argue that no gainful result is accomplished by awarding appellee $1,000.00 punitive damages. Although punitive damages may not be necessary to deter repetition of appellants' conduct, punitive damages serve other legitimate goals: to punish appellants and to deter similar wrongdoing by others. Accordingly, the Court finds the award of punitive damages appropriate. See 11 U.S.C. § 303(i)(2)(B).

Appellants do not question the amount of attorney fees, but argue that attorney fees should not have been allowed in this case. Section 303(i)(1)(B) allows an award of attorney fees even without a showing of bad faith. An award of attorney fees is particularly appropriate where appellants have acted in bad faith.

Finally, appellants question whether the Bankruptcy Court had jurisdiction to grant the judgment against appellants on December 20, 1982. Although the decision of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), has created much uncertainty with respect to bankruptcy jurisdiction, the effect of that case was prospective and stayed until after December 24, 1982. See *United States v. Security Industrial Banks,* —— U.S. ——, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982).

The judgment of the Bankruptcy Court is affirmed.

Order Accordingly.

---

1. Appellants have not filed on appeal the transcript of the April, 1982 hearing. The Bankruptcy Court stated that appellants admitted at this hearing that appellee was entitled to a set-off. Appellants do not now deny this admission and it is assumed to be true. See *In re Schnabel,* 612 F.2d 315, 318 (7th Cir.1980).