In re Frank DIAZ, Debtor.

**FORD MOTOR CREDIT COMPANY, Plaintiff,**

v.

**Frank DIAZ, Defendant.**

**Bankruptcy No. 84–01880–BKC–TCB. Adv. No. 85–0950–BKC–TCB–A.**

United States Bankruptcy Court, S.D.Florida.

Oct. 7, 1986.

Michael Fertig, Kimbrell & Hamann, P.A., Miami, Fla., for plaintiff.

James T. Haley, Miami, Fla., for defendant.

Robert L. Roth, Miami, Fla., trustee.

**ORDER ON REMAND**

THOMAS C. BRITTON, Chief Judge.

On September 27, 1985, this court dismissed this adversary complaint seeking exception from discharge under 11 U.S.C. § 523(a)(2)(B) upon the ground that:

By the provisions of B.R. 4007(c), the plaintiff was required to file this complaint not later than January 13, 1985. This complaint, filed July 12, is late and, therefore, plaintiff's motion for a continuance is denied and the complaint is dismissed with prejudice on the court's own motion. (C.P. No. 6)

On June 27, 1986, the District Court reversed the foregoing decision and directed:

The bankruptcy court is instructed to allow FMCC to present the testimony of its officers that it did not receive timely notice of the bankruptcy. Upon presentation of such evidence, the bankruptcy court is instructed to conduct a hearing to determine whether the debt to FMCC was dischargeable.

A hearing on remand was held October 2. The debtor, presently a federal fugitive, did not appear. Plaintiff's evidence consisted of the testimony of an individual employed by plaintiff at its Dearborn location for the past six years as a bankruptcy specialist whose assignment is to work with attorneys in protecting the plaintiff's interests in bankruptcy cases. He testified that he first received notice of this bankruptcy case in March 1985.

■ Although Judge Davis' Order does not expressly so provide, I assume that this court is directed not only to hear plaintiff's testimony but to make a finding as to whether plaintiff did not receive timely notice of the bankruptcy. The fact that defendant is a fugitive and has not defended the appeal nor this hearing on remand does not, of course, relieve this court of its responsibility to determine whether this court has jurisdiction to hear this complaint.

The testimony of the clerk of this court, therefore, was heard and this court takes judicial notice of the bankruptcy court file.

From the foregoing evidence, I find that:

(1) On October 26, 1984, the clerk mailed to the plaintiff in a franked envelope to the following address:

FORD MOTOR CREDIT COMPANY
Dearborn, Michigan

a copy of the court's order of that day advising that the bankruptcy had been filed, giving notice of the creditors' meeting (November 14, 1984), and fixing the deadline for filing complaints to determine dischargeability under 11 U.S.C. § 523(c) (January 13, 1985). The Order, a prescribed form, gave notice of other matters.

(2) The deadline provided was in compliance with the requirement of B.R. 4007(c) which provides as follows:

(c) TIME FOR FILING COMPLAINT UNDER § 523(c) IN CHAPTER 7 LIQUIDATION AND CHAPTER 11 REORGANIZATION CASES; NOTICE OF TIME FIXED. A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

(3) The clerk used the address furnished by the debtor.

(4) On that day, for a substantial period before that day and after that day, plaintiff maintained its principal place of business in Dearborn, Michigan. I take judicial notice of the fact that Dearborn has a population of approximately 100,000 and that its largest commercial activity is the Ford Motor Company and its corporate affiliates, including the plaintiff.

(5) The envelope addressed to the plaintiff was one of 42 copies of the same notice addressed and mailed by a deputy clerk on that day. The envelope addressed to plaintiff was not returned as undeliverable. From these facts, I find that the franked envelope, addressed as stated above, was in fact mailed to plaintiff as certified by the deputy clerk and was not returned.

(6) The presumption of the receipt of notice from proof that it was mailed continues as evidence, to be considered in the light of all the facts and circumstances adduced, notwithstanding the addressee's denial under oath that the notice was received. *Atlantic Dredging and Construction Co. v. Nashville Bridge Co.*, 57 F.2d 519, 521 (5th Cir.1932); Fed.R.Evid. 301. The decision of the 5th Circuit is presently binding in this Circuit. *Dills v. City of Marietta, Ga.*, 674 F.2d 1377, 1380 (11th Cir.1982).

(7) In *Kreitlein v. Ferger*, 238 U.S. 21, 34, 35 S.Ct. 685, 690, 59 L.Ed. 1184 (1915), the Court held:

that a [bankruptcy] schedule listing the creditor's residence as Indianapolis is, at least, prima facie sufficient [to establish the dischargeability of a debt].

The Court stated:

The question as to the necessity of giving the street address has sometimes arisen in suits against endorsers, who claimed that they were relieved from liability because the notice of nonpayment and protest was addressed to them at the city where they lived but without adding the street and number of their residence. It seems generally to have been held that mailing a notice thus addressed is prima facie sufficient. (at page 31, 35 S.Ct. at 688).

In *Chevron Oil Co. v. Dobie*, 358 N.Y.2d 712, 389 N.Y.S.2d 819, 822, 358 N.E.2d 502, 505 (1976) the court said:

In this case, Chevron was scheduled, and its address was listed as "Perth Amboy, New Jersey". Although much depends on the facts of each case, failure to include a street address in the schedule generally has not been held fatal to a bankrupt's cause [citing *Kreitlein* and other decisions].

The court held the debt owed to Chevron was discharged.

█ In *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 457 (6th Cir.1982), the court held that a debt was not discharged because the creditor's correct address was in a city different from that listed in the

petition and used by the clerk in giving notice to the creditor. However, the court stated that:

This is not a situation where the schedule listed the correct city but omitted the post office box number or street address. *See Kreitlein*, 238 U.S. 21, 35 S.Ct. 685, 59 L.Ed. 1184; and *Dill v. Hamilton*, [73 Cal.App.2d 881] 167 P.2d 497. In that case, FMCC might have received the notice.

I conclude that the notice notwithstanding the omission of the street address was prima facie sufficient.

█ (8) Neither the testimony of plaintiff's witness nor any other evidence before me negates the possibility that the notice sent to plaintiff was received within a few days thereafter and was either mislaid or otherwise failed to reach plaintiff's witness or other appropriate employee, which I consider to be more probable in this instance than that the notice was not duly received by plaintiff. I find, therefore, that the notice of bankruptcy and of the January 13, 1985 deadline for the filing of this action was received and constituted timely notice of the bankruptcy.

(9) Plaintiff has never requested extension of the deadline to file this complaint nor was the deadline which is specified by the Bankruptcy Rules otherwise extended. The time to file this action expired six months before this complaint was filed and this court now lacks jurisdiction to extend the time for the filing of the complaint. B.R. 4007(d).

█ (10) I have not overlooked the two authorities relied upon by the plaintiff: *Cagliostro v. Indelli*, 53 Misc. 44, 102 N.Y.S. 918 (N.Y.Sup.Ct.1907) and *Bartlett v. Taylor*, 209 Mo.App. 612, 238 S.W. 141 (1922). In each, the court held a debt not discharged in bankruptcy where the street address was omitted from an address otherwise complete. The issue here is a federal question. The recent decision of the 6th Circuit concerns itself solely with the likelihood that a creditor received notice of the bankruptcy proceeding, not whether the

debtor could have furnished a more complete address. Plaintiff's two early state decisions appear to turn on whether the debtor could have furnished a more complete address. I do not believe they reflect either the federal rule or the majority rule.