In re Ben Madison CRUMLEY, II d/b/a Intermountain Steel Fabricators and d/b/a Interstate Foundry and Machine Company, Inc., Debtor.

David GILLETTE, Larry Lilley, Herbert P. Crane, Herbert M. Greer, Ted Rodefer, Sherman Story, William T. Story, John Howell, and Leonard Yates, Plaintiffs,

v.

Ben Madison CRUMLEY, II and Interstate Foundry and Machine Company, Inc., Defendants.

Bankruptcy No. 3–85–01435.
Adv. No. 3–86–0041.

United States Bankruptcy Court, E.D. Tennessee.

June 3, 1987.

Campbell and Hooper, Ben W. Hooper, II, Newport, Tenn., Cooper, Mitch & Crawford, Franklin G. Shuler, Jr., Birmingham, Ala., for plaintiffs.

Carter & Carter, Robert B. Carter, Johnson City, Tenn., for defendants.

## MEMORANDUM ON MOTION TO DISMISS FILED BY DEFENDANT, BEN MADISON CRUMLEY, II, AND ON PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGMENT

RICHARD STAIR, JR., Bankruptcy Judge.

### I.

Ben Madison Crumley, II (debtor) filed a voluntary petition under Chapter 7 of title 11 on August 28, 1985.[1] On September 9, 1985, the court entered an order fixing October 4, 1985, as the date for the meeting of creditors under Bankruptcy Code § 341(a) and December 3, 1985, as the last day for filing complaints to determine the dischargeability of a debt pursuant to 11 U.S.C.A. § 523(c) (West Supp.1987).[2]

On February 26, 1986, plaintiffs filed a complaint asserting nondischargeability of debts within the scope of § 523(c).[3] In their complaint, plaintiffs contend they were neither listed as creditors in the debtor's schedules nor informed of the pendency of his bankruptcy case. Oddly, however, they do not assert nondischargeability of their debts under the provisions of § 523(a)(3)(B).[4] In his answer, filed March 26, 1986, the debtor does not assert any defense predicated upon plaintiffs' failure to file their complaint to determine dischargeability of a debt on or prior to December 3, 1985.

On August 13, 1986, plaintiffs filed a motion for summary judgment asserting nondischargeability pursuant to 11 U.S.C.A. § 523(a)(4) (West 1979 & Supp.1987).[5] On January 30, 1987, finding that plaintiffs had not established lack of actual knowledge of the debtor's case in sufficient time to file a complaint alleging § 523(a)(4) as a basis for excepting their debts from dis-

1. Interstate Foundry and Machine Company, Inc., alleged by plaintiffs in their complaint to be a corporation, is not a debtor in bankruptcy.

2. "Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section."

3. The complaint filed by plaintiffs seeks a determination of nondischargeability under Bankruptcy Code § 523(a)(2), (4) and (9). Involving debts arising from a judgment or consent decree for damage caused by an intoxicant's operation of a motor vehicle, § 523(a)(9) is clearly inapposite in this proceeding.

4. Section 523(a)(3)(B) provides:
   (a) A discharge under § 727 ... of this title does not discharge an individual debtor from any debt—
   . . . . .
   (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
   . . . . .
   (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;
   . . . .
   11 U.S.C.A. § 523(a)(3)(B) (West 1979 & Supp. 1987).

5. "A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
   \* \* \* \* \* \*
   (4) for fraud or defalcation while acting in a fiduciary capacity...."

charge, the court denied the motion for summary judgment without considering the underlying merits.

On March 25, 1987, the debtor filed a motion to dismiss plaintiffs' complaint, contending the court lacks jurisdiction to hear the matters in controversy for the reason that the complaint was filed after December 3, 1985, the date fixed for filing complaints to determine dischargeability of a debt under § 523(c). No supporting brief accompanied debtor's motion. On April 13, 1987, plaintiffs filed a "Plaintiffs' Renewed Motion For Summary Judgment" accompanied by affidavits. "Plaintiffs' Renewed Motion For Summary Judgment" again seeks a summary judgment on the § 523(a)(4) issue. Plaintiffs have also filed a "Memorandum In Opposition To Defendant's Motion To Dismiss And In Support Of Plaintiffs' Renewed Motion For Summary Judgment." In reply, the debtor denies that he, in his individual capacity, was ever obligated to any of the plaintiffs. He further says that he will show all of the plaintiffs knew of his personal bankruptcy and that none of the plaintiffs is entitled to relief.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(I) (West Supp.1987).

II

Bankruptcy Rule 4007(c) provides:

*Time for filing complaint under § 523(c) in chapter 7 liquidation and chapter 11 reorganization cases; notice of time fixed.* A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341. .... On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Fed.R.Bankr.P. 4007(c).

In *Federal Deposit Ins. Corp. v. Kirsch (In re Kirsch)*, 65 B.R. 297 (Bankr.N.D.Ill.

1986), 31 days after trial and announcement of a verdict in favor of FDIC, the debtor asserted the dischargeability complaint based on § 523(a)(2)(B) had been untimely filed. Vacating the verdict in favor of FDIC and disagreeing with the argument the debtor had waived his right to object to the untimely complaint, Bankruptcy Judge Ginsberg stated:

Once the Rule 4007(c) time has elapsed, *a properly scheduled creditor* can never raise the question of the nondischargeability of a claim on any of these grounds [§ 523(a)(2), (4), and (6)] in the Bankruptcy Court or in any other forum. *Compare* § 523(a)(3).

*In re Kirsch*, 65 B.R. at 299 (emphasis added and footnote omitted). *Accord First Nat'l Bank v. Lewis (In re Lewis)*, 71 B.R. 633 (Bankr.N.D.Ill.1987) (court has no alternative but to dismiss dischargeability complaint as untimely where filed after Bankruptcy Rule 4007(c) 60–day period but before holding of meeting of creditors); *Ford Motor Credit Co. v. Diaz (In re Diaz)*, 67 B.R. 43 (Bankr.S.D.Fla.1986) (court lacks jurisdiction to hear § 523(a)(2)(B) dischargeability complaint filed six months after deadline fixed by Bankruptcy Rule 4007(c)). *Contra Tolbert v. Clay (In re Clay)*, 64 B.R. 313 (Bankr.N.D.Ga.1986) (affirmative defense of late filing of § 523(c) dischargeability complaint waived where debtor failed to assert the defense in his answer).

A material distinction exists between the instant proceeding and *In re Kirsch*. Whereas the FDIC had notice and was apparently misled by a docket sheet entry in *Kirsch*, plaintiffs allege they were neither listed by the debtor in his bankruptcy schedules nor informed by him of his bankruptcy case. Barring dischargeability complaints under § 523(a)(2) or (4) or (6) on timeliness grounds where the creditor is without notice of the bar date raises due process questions.[6]

---

6. See *Marathon Restaurant Corp. v. Three Brothers Dev. & Constr. Co. (In re Barr)*, 47 B.R. 334 (Bankr.E.D.N.Y.1985) (judicially created exception to Bankruptcy Rule 4007(c) may be warranted where creditor is without notice). *But cf. In re Alton*, 64 B.R. 221 (Bankr.M.D.Fla.1986)

In *Lubeck v. Littlefield's Restaurant Corp. (In re Fauchier),* 71 B.R. 212 (9th Cir. BAP 1987), two scheduled creditors did not receive notice of the bar date for filing dischargeability complaints because their address was incorrectly listed. The bankruptcy court dismissed an untimely dischargeability complaint because there was no bad faith on the debtor's part in failing to use the creditors' correct address. Finding the correct test is whether a debt is scheduled so as to permit a timely request for a determination of dischargeability, instead of an absence of bad faith on the debtor's part in preparing the schedules, the appellate panel remanded for additional fact finding. The opinion recites in part:

▮ In its memorandum decision, the trial court noted that it might have granted an extension of time to file a complaint to determine nondischargeability under Section 523(a)(2), (4) or (6) if it had the discretion to do so. As the trial court correctly determined, no discretion to grant untimely extensions to file such actions is now vested in the bankruptcy courts. *See In re Rhodes,* 61 B.R. 626, 629–30 (9th Cir.BAP 1986); *In re Hill,* 811 F.2d 484, 487 (9th Cir.1987). Under the scheme established by Congress, debts not properly listed or scheduled by debtors who do not exercise due diligence in preparing their schedules are generally excepted from the discharge. Therefore, *no creditor which has been prejudiced by a debtor's failure to properly schedule needs the indulgence of being allowed to file an out-of-time complaint under Section 523 for the obligation is excepted from the discharge under Section 523(a)(3). See In re Robertson, supra,* 13 B.R. [726] at 731 [Bankr.E.Va.1981]. The time bar of Section 523(c) does not apply to complaints seeking a determination of whether the debt in question was properly scheduled.

*In re Fauchier,* 71 B.R. at 216 (emphasis added).

(due process not violated where creditor had actual knowledge of debtor's case and ample opportunity to file dischargeability complaint).

Although the plaintiffs have not cited § 523(a)(3)(B) in their complaint, their allegations are arguably within the scope of that provision. Further, they clearly rely upon § 523(a)(3)(B) in opposing the debtor's motion to dismiss. Because it remains to be determined whether the plaintiffs had actual notice of the debtor's case in time to permit them to timely file their dischargeability complaint, the debtor's motion to dismiss the complaint as untimely will be denied.

### III

Relying upon § 523(a)(4), plaintiffs have renewed their motion for summary judgment. Since there is a genuine issue of material fact, i.e., whether the plaintiffs had notice or actual knowledge of the debtor's case permitting them to timely file a dischargeability complaint, the plaintiffs are not entitled to summary judgment.[7]

7. Plaintiffs must establish that they come within the circumscription of § 523(a)(3)(B) if they are to prevail in this proceeding.