**In re HUTTER ASSOCIATES, INC., Debtor.**

**HUTTER ASSOCIATES, INC., Appellant,**

v.

**WOMEN, INC., Appellee.**

No. 691–01349.

Civ. A. No. 91–0049–L.

United States District Court, W.D. Virginia, Lynchburg Division.

March 20, 1992.

Philip D. Payne, IV, Lovingston, Va., for debtor/appellant.

Alexander W. Bell, David M. Levy, Lynchburg, Va., for appellee.

W. Stephen Scott, Charlottesville, Va., trustee.

## MEMORANDUM OPINION

TURK, Chief Judge.

This case is before the Court on appeal from the United States Bankruptcy Court for the Western District of Virginia, Lynchburg Division, from an order entered August 28, 1991, denying Hutter Associates' Motion to vacate the Court's Order for Relief under Chapter 7 of the Bankruptcy Code. Hutter Associates maintains the Bankruptcy Court erred in denying their motion to vacate the Order, erred in denying Hutter Associates leave to file responsive pleadings, and erred in not requiring Women, Inc. to post bond pursuant to 11 U.S.C. § 303(e) and (i). The Court finds Judge Anderson's denial of these motions and refusal to vacate his Order for Relief was not an abuse of his discretion, and, accordingly, AFFIRMS the decision of the Bankruptcy Court.

Hutter Associates, Inc. ("Hutter") is a stock corporation located in Lynchburg,

Virginia. It is owned by two brothers: Christian S. Hutter of Lynchburg and Beverly S. Hutter, Jr. of Denver, Colorado. Each owns fifty percent of the corporation; both are officers and directors of the corporation. Chris Hutter is the president. In early spring of 1991, Women, Inc. ("Women") sued Hutter on a $17,000 note in state court. Shortly after the suit was filed, at some time in March 1991, Chris Hutter filed articles of dissolution for Hutter Associates, Inc. The case was set for trial on June 19, 1991. At the hearing on the Motion to Vacate the Order granting Women's involuntary bankruptcy petition, Chris Hutter testified that Hutter "did not know whether we would prevail or not in the suit that was coming to trial on June 19th. So prior to that suit we transferred the real estate assets ... of Hutter Associates, Incorporated to the shareholders." The Hutter brothers owned all the shares of Hutter Associates, Inc., and the property was transferred subject to deeds of trust securing notes on which the brothers were personal guarantors. The deed were dated June 14, 1991 and were recorded on June 18, 1991, the day before trial.

Chris Hutter testified further that this property transfer was "done with the full knowledge ... that there was potential for sale of some of that real estate and that if we were going to be able to sell that real estate without having to deal with a judgment lien[,] should we not prevail in the lawsuit[,] that would cause a problem in being able to get title without having a foreclosure sale on the part of the lien creditors." He went on to state that there were no other judgments on record against Hutter Associates, and that he never informed Women, Inc. in the state court answer, admissions, or in any other manner, that his corporation was in liquidation. On June 19, 1991, the Lynchburg Circuit Court granted judgment in the amount of $17,-439.25 against Hutter Associates, Inc.

Women filed an involuntary bankruptcy petition against Hutter on July 15, 1991. The petition alleged that Hutter Associates, Inc.'s address and principal place of business was 207 9th Street, Lynchburg, Va., 24504. It also alleged that there were "fewer than twelve holders of claims against the debtor, excluding employees, insiders, and transferees of voidable transfers," and that Hutter was generally not paying its undisputed debts as they became due. The certificate of service of the summons and petition was completed and signed by Rosemary E. Lee, Deputy Clerk of the Bankruptcy Court. She swore, under penalty of perjury, that she served the petition and complaint on July 15, 1991, by regular first class mail, but she did not note the address of the debtor on the Certificate of Service. Chris Hutter maintains neither he nor his registered agent ever received these pleadings.

On August 5, 1991, Judge Anderson entered an Order for Relief based upon Hutter's default. Chris Hutter affirms that he received this Order on August 9, 1991, when the postman delivered it to his office. The address to which the Order was mailed is not indicated on the Order, but the docket sheet for the Hutter case indicates the only address on file for Hutter Associates "207 Ninth Street, Lynchburg, VA 24504." At the August 23, 1991, hearing on the Motion to Vacate his Order for Relief, Judge Anderson agreed to "take judicial notice of the record in this case, the summons that was issued and the clerk's signature to that summons." Mr. Hutter testified that the company "is not a full-time operation," has no employees but pays him a consultancy fee via "C.S. Hutter Company," and that he himself opens the mail for Hutter Associates. No court record indicates that either the Summons and Complaint or the Order mailed to Hutter Associates was returned undelivered, and counsel for Hutter Associates admitted at the hearing that they "[were] not challenging the clerk's word either."

Finally, Mr. Hutter averred that the bankruptcy petition was inaccurate because the company had more than the twelve creditors alleged in the petition. At the hearing, Mr. Hutter produced an exhibit listing thirty-three creditors, of whom he alleged twenty-seven were neither insiders, nor subject to dispute, nor contingent. The exhibit listed pledges to charities; debts

allegedly incurred after the filing of the bankruptcy petition; and debts to insiders, including the two shareholders, their brother, cousin, and corporations wholly-owned by the two shareholders. Mr. Hutter did not, however, allege that the petition was inaccurate because the company was able to pay its debts as they came due. Judge Anderson denied the debtor's motions at the August 23rd hearing; he entered an Order to this effect on August 28, 1991. Hutter Associates filed notice of this appeal on September 3, 1991.

## STANDARD OF REVIEW

On appeal, this Court may not set aside the bankruptcy judge's findings of fact unless they are clearly erroneous, and we must give due regard to that court's opportunity to judge the credibility of the witnesses. Bankruptcy Rule 8013. A motion to vacate an Order entered on the debtor's default may be granted "for good cause shown;" whether good cause is shown to grant the motion is a matter within the sound discretion of the bankruptcy court. Bankruptcy Rule 7055; Fed.R.Civ.P. 55(c). "A reviewing court may determine that the Bankruptcy Court abused its discretion only when there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing all of the relevant factors." *In re Posner,* 700 F.2d 1243, 1246 (9th Cir.1983) quoting *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971).

## I.

Judge Anderson heard the evidence on the debtor's motions; indeed, the only witness at the hearing was the president and part-owner of the debtor corporation. Mr. Hutter stated that he never received notice of the involuntary petition in bankruptcy, even though it was mailed to the only address in the court files for the debtor corporation, and even though he did receive the Order that was mailed to the same address. Mr. Hutter also testified that Hutter Associates transferred the real estate out of the

corporation and into the hands of the brothers/shareholders, on the literal eve of trial, in an attempt to avoid a judgment lien on those properties. He admitted that there were no other judgments against the corporation, and he did not assert in defense that the corporation was not, in fact, bankrupt or that it was able to pay its bills as they came due. Judge Anderson heard this evidence and he had the opportunity to judge Mr. Hutter's credibility. He summarily denied Hutter's motion.

This Court believes the bankruptcy court weighed all the relevant factors and its judgment was clearly correct. It appears from the transcript that Judge Anderson did not believe that Mr. Hutter failed to receive the summons and petition. Immediately upon the close of the evidence, Judge Anderson ruled, "Motion is denied. Any other comments?" whereupon the proceedings concluded. Even had Hutter Associates not received the summons and petition, the bankruptcy court's ruling would still have been correct, because, so long as the debtor has service "reasonably calculated to give him actual notice of the proceedings," the requirements of due process are satisfied. *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940). A notice that bankruptcy has been filed can be presumed to have been received by the debtor, even if the addressee denies under oath that the notice was received, if there is evidence that the notice was mailed postage-paid by a deputy clerk and was not returned as undeliverable. *In re Diaz,* 67 B.R. 43, 44–45 (Bkrtcy.S.D.Fla.1986). In the instant case, the Order, mailed from the same source, to the same address, was received at Mr. Hutter's office. The inference that the summons and petition, sent under the same conditions, were likewise received cannot be said to be clearly erroneous.

## II.

The bankruptcy court was also within its sound discretion to refuse to vacate its Order for Relief because the petition alleged there were fewer than twelve creditors. There are conflicts within the record as to whether there are twenty-seven creditors, as Hutter maintains, or

**516**

eight creditors, as Women asserts. These conflicts do not, however, require the bankruptcy court to vacate its Order and allow Hutter to file responsive pleadings.

First, unlike requirements of residence or domicile, defects in the number of creditors in involuntary petitions may be waived when the debtor fails to answer, and these defects do not deprive the bankruptcy court of subject matter jurisdiction. *In re Mason*, 20 B.R. 650, 651 (9th Cir. BAP 1982), aff'd, 709 F.2d 1313 (9th Cir.1983).

Secondly, Bankruptcy Rules 7055 ("Default") and 9024 ("Relief from Judgment or Order") make Fed.R.Civ.P. 60(b) applicable to this case. Rule 60(b) requires the party seeking relief from an order to "demonstrate that he has a meritorious defense *and* that arguably one of the four conditions for relief applies—mistake, inadvertence, surprise[,] or excusable neglect." *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573 (4th Cir.1973) (emphasis in original). Hutter Associates, Inc. has not alleged that they are able to pay their debts as they come due. If Judge Anderson had found that Mr. Hutter had not, in fact, received the summons and petition, he would have granted the motion from which this appeal is taken. Hutter has not, therefore, demonstrated that it has met the two requirements for relief from the Order.

Finally, "[t]he lack of three petitioning creditors would avail [the debtor] only if [the debtor] could show a third creditor would not join in the petition. This [the debtor] has not done." *In re Mason*, 709 F.2d 1313 (9th Cir.1983). At the hearing, Hutter produced a list of between thirty-three and twenty-seven creditors of the corporation. Any of these creditors would be eligible to join Women, Inc. in the involuntary petition in bankruptcy. No evidence was presented that each of these creditors would refuse to join in the petition. Hutter Associates cannot, therefore, avail itself of the petition's defect.

### III.

This Court finds that the bankruptcy court did not abuse its discretion when it did not require a bond in this case. Bankruptcy Code § 303(e) and (i) allow the court, for cause, to require petitioners in bankruptcy to post a bond to indemnify the debtor for the debtor's costs and attorney's fees if the court later dismisses the creditor's petition. If the court finds the petition was filed in bad faith, proximate or punitive damages may also be awarded. *Id.* Hutter has the burden of proving Women filed the petition in bad faith; the petitioner in an involuntary bankruptcy is presumed to be acting in good faith. *In re CLE Corp.*, 59 B.R. 579, 583 (Bkrtcy. N.D.Ga.1986). The bankruptcy court did not dismiss the petition. Hutter has not proved the petition was filed in bad faith. Hutter did not provide Women with a list of creditors until the day of the hearing on the petition. Several of the creditors on that list were insiders. Mr. Hutter testified that there were no other judgments against the company. The transfer of the property on the day before trial is a voidable transfer. Judge Anderson did not require a bond, and this decision was appropriate.

For the foregoing reasons, the Court finds no clear error or abuse of discretion in the bankruptcy court's decisions. Accordingly, the Bankruptcy Court will be

AFFIRMED.