In re MUNDO CUSTOM HOMES,
INC., Alleged Debtor.

**Bankruptcy No. 94 B 20681.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

March 13, 1995.

Arthur J. Wilhelmi, Timothy J. Rathbun, McKeown, Fitzgerald Zollner, Buck, Hutchinson & Ruttle, Joliet, IL, for alleged debtor Mundo Custom Homes, Inc.

Mitchell E. Jones, Rooks, Pitts & Poust, Chicago, IL, for petitioning creditors James Christiane Lawson, Jeanette Heuman and Harold and Joan Fulsang.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the petition for fees, costs, and punitive damages pursuant to 11 U.S.C. § 303(i) filed by the alleged debtor, Mundo Custom Homes, Inc. (the alleged "Debtor") against James and Christiane Lawson, Jeanette Heuman, and Harold and Joan Fulsang, as the petitioning creditors (collectively "the Creditors"). The petition seeks to recover attorneys' fees totaling $4,872.00; $204.00 in expert witness fees; $10.75 in costs for forms; and punitive damages of $5,000.00 against each petitioning creditor severally.

For the reasons set forth herein, the Court finds the attorneys' fees reasonable and allows same pursuant to 11 U.S.C. § 303(i)(1)(B). The Court allows reimbursement of the expert witness fee under 11 U.S.C. § 303(i)(1)(A), but disallows the cost item for "forms" because it is unsupported with a paid receipt or other evidence showing precisely what comprises the expense. Finally, the Court denies punitive damages under 11 U.S.C. § 303(i)(2)(B) for failure to establish bad faith.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. It constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (C) and (O).

## II. FACTS AND BACKGROUND

The alleged Debtor, a general contractor, has erected numerous residential structures in the Frankfort, Illinois area for nearly twenty years. The alleged Debtor entered into contracts with the Creditors to construct single family homes for them. These written contracts contained express warranties including the following: construction would be completed by the alleged Debtor in a good and workman-like manner; and within a certain period the alleged Debtor would remedy any defects in workmanship and/or materials for work done or materials furnished by the alleged Debtor, its subcontractors, and material suppliers. The Creditors experienced problems with the masonry and other parts of their new homes. Among the defects, the Creditors had serious water seepage into each of their homes. Some of the Creditors sued the alleged Debtor in the Circuit Court of Will County, Illinois, seeking to recover their damages based on the express warranties. The alleged Debtor, in turn, sued its masonry subcontractor and materialmen seeking indemnification from them for any liability assessed against it.

On October 18, 1994, the Creditors filed an involuntary petition against the alleged Debtor under Chapter 7 of the Bankruptcy Code. The involuntary bankruptcy petition alleged that the alleged Debtor was not generally paying its debts as they came due, which was disputed by the alleged Debtor. Pursuant to the mandate of Federal Rule of Bankruptcy Procedure 1013(a), the contested issues in the involuntary bankruptcy petition were tried on December 9, 1994.

The trial testimony revealed various complaints of the Creditors with masonry work which resulted in bricks falling off the homes and major water seepage problems in the foundations of the homes. Some defect claims were disputed by the alleged Debtor's

president who also testified that some of the problems were corrected. According to the testimony of the alleged Debtor's president, however, the alleged Debtor had no unpaid invoices in 1994, nor any unpaid bills from its 1993 operations. The Creditors adduced no evidence that the alleged Debtor was generally failing to pay its undisputed debts as same came due. At the conclusion of the trial, the Court ruled in favor of the alleged Debtor and dismissed the involuntary bankruptcy petition for two reasons: (1) the claims of the Creditors were the subject of a bona fide dispute by the alleged Debtor; and (2) there was no evidence that the alleged Debtor was not generally paying its undisputed debts as they came due. Thereafter, on December 20, 1994, the alleged Debtor filed the instant petition for fees, costs, and damages. Both sides waived the opportunity for an evidentiary hearing.

### III. *DISCUSSION*

When an involuntary petition is dismissed other than upon consent of all parties, 11 U.S.C. § 303(i) allows the Court to award costs and attorneys' fees, and also to award compensation for damages resulting from a petition filed in bad faith, along with punitive damages. 11 U.S.C. § 303(i)(1) and (2)[1]; *see also In re Val W. Poterek & Sons, Inc.*, 169 B.R. 896, 905 (Bankr.N.D.Ill.1994). Awarding fees, costs, or damages under section 303(i) requires: (1) that the court must have dismissed the involuntary petition; (2) the dismissal must be other than on the consent of all petitioners and the debtor; and (3) the debtor must not waive its right to recovery under the statute. *See In re R. Eric Peterson Constr. Co.*, 951 F.2d 1175, 1179 (10th Cir.1991). The Court finds that all three elements are met in this matter.

It is generally recognized that an award of any damages, fees, and costs is entirely within the Court's discretion. *In re Reid*, 854 F.2d 156, 159 (7th Cir.1988); *In re Better Care, Ltd.*, 97 B.R. 405, 410 (Bankr. N.D.Ill.1989); *In re Fox Island Square Partnership*, 106 B.R. 962, 966 (Bankr.N.D.Ill. 1989). The use of the word "or" in section 303(i) does not make awards of fees, costs, compensatory damages, or punitive damages into exclusive remedies among which the Court can only award one to the exclusion of the other. *Id.* The burden is on the alleged Debtor to establish the nature and the extent of its damages. *See In re SBA Factors of Miami, Inc.*, 13 B.R. 99, 101 (Bankr.S.D.Fla. 1981).

An award of costs and attorneys' fees under section 303(i)(1)(A) and (B) does not require a showing of bad faith as does damages under section 303(i)(2)(A) and (B). *Fox Island*, 106 B.R. at 967; *Camelot, Inc. v. Hayden*, 30 B.R. 409, 411 (E.D.Tenn.1983). There is a presumption of good faith in filing, and the burden is on the alleged Debtor to show bad faith by the Creditors. *In re Hutter Assocs., Inc.*, 138 B.R. 512, 516 (W.D.Va. 1992); *In re CLE Corp.*, 59 B.R. 579, 583 (Bankr.N.D.Ga.1986). Unfortunately, the term "bad faith" has not been defined in the Bankruptcy Code and has not been clarified by legislative history.

Some courts have established various tests ("improper purpose," "improper use," and a Rule 9011 analysis) to determine bad faith. *See Better Care*, 97 B.R. at 410–12 (collecting cases); *In re West Side Community Hospital, Inc.*, 112 B.R. 243, 258 (Bankr. N.D.Ill.1990) (same). Notwithstanding those tests, the Seventh Circuit has not yet developed the appropriate formula to apply in bad faith analyses made under section 303(i). The Seventh Circuit, however, has spoken on other sections of the Bankruptcy Code dealing with good faith/bad faith challenges, utilizing a "totality of the circumstances" test. *See In re Love*, 957 F.2d 1350 (7th Cir.1992)

---

1. Section 303(i) provides:
 (i) If the court dismisses a petition under this *section other than on consent of all petitioners* and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—
 (1) against the petitioners and in favor of the debtor for—
 (A) costs; or
 (B) a reasonable attorney's fee; or
 (2) against any petitioner that filed the petition in bad faith, for—
 (A) any damages proximately cause by such filing; or
 (B) punitive damages.
 11 U.S.C. § 303(i).

(test utilized under 11 U.S.C. § 1307(c) to determine whether the debtor filed a Chapter 13 petition in good faith; the burden is on the creditor to show a lack of good faith); *In re Schaitz,* 913 F.2d 452 (7th Cir.1990) (test utilized under 11 U.S.C. § 1325(a) to determine whether a Chapter 13 plan was proposed in good faith; the burden is on the debtor to show good faith); *In re Smith,* 848 F.2d 813 (7th Cir.1988) (same); *In re Rimgale,* 669 F.2d 426 (7th Cir.1982) (same). In addition, there are similar requirements for good faith challenges made in Chapter 11 cases. *See In re Madison Hotel Assocs.,* 749 F.2d 410 (7th Cir.1984). Accordingly, the Court concludes that a "totality of the circumstance" test should be applied to the alleged Debtor's claims of bad faith by and against the Creditors for purposes of section 303(i)(2)(A) and (B), on which the alleged Debtor has the burden of proof by a preponderance of the evidence.

 Any award of attorneys' fees should be for necessary work and reasonable under all the circumstances. *See Poterek,* 169 B.R. at 906 (citing *In re Wavelength, Inc.,* 61 B.R. 614, 621 (9th Cir.1986)); *Better Care,* 97 B.R. at 413. Attorneys' fees assessed under section 303(i)(1)(B) are merely an element of consequential damages under section 303(i)(2)(A) incurred by an alleged debtor who has successfully defended against an involuntary bankruptcy petition. *Id.* Costs recoverable under section 303(i) must be incurred in defending against the involuntary petition. *In re K.P. Enterprise,* 135 B.R. 174, 178 (Bankr.D.Me.1992); *Fox Island,* 106 B.R. at 966–67. Only proven litigation costs actually incurred should be allowed. *See Poterek,* 169 B.R. at 906 (compensable costs include cost of transcripts for deposition, hearing on a bond motion, and final arguments and court's remarks); *see also K.P. Enterprise,* 135 B.R. at 179 (costs awarded include: facsimile transmissions, travel expenses, postage, long distance telephone calls, and photocopying).

 The alleged Debtor's petition, which is supported with an affidavit of one of its attorneys, summarizes the time expended and services rendered in defending against the involuntary petition. The Court finds the requested fees both reasonable and necessary. After considering all the facts and circumstances, and in the exercise of its discretion, the Court limits the award under section 303(i)(1)(A) and (B) to the alleged Debtor's recovery of its reasonable attorneys' fees and costs necessarily incurred in the defense of the involuntary petition. The time expended by the alleged Debtor's two lawyers is reasonable and has been billed at their respective regular billing rates, which are well within the lower range of rates charged by lawyers for bankruptcy services in this district.[2] Accordingly, attorneys' fees in the sum of $4,872.00 are assessed jointly and severally against the Creditors. In addition, the $204.00 expert's fee for four hours of time expended in this matter is allowed as a litigation cost incurred in defending against the involuntary petition. The Court disallows the cost item for "forms" because it is unsupported with a paid receipt or other evidence showing precisely what comprises the expense.

 The Court concludes that the incurring of attorneys' fees alone, however, is itself insufficient to meet the alleged Debtor's burden to show under all the circumstances that the Creditors acted in bad faith by filing and prosecuting the involuntary bankruptcy petition. There is an absence of evidence of any other actual damages that the alleged Debtor suffered by reason of the Creditors' filing the involuntary petition. Argument by counsel about the stigma of bankruptcy is not evidence of any damage proximately caused to the alleged Debtor's ongoing business reputation, goodwill, or other property interests. Because the Creditors had facially viable claims against the alleged Debtor based on express covenant and warranties, which were allegedly breached, the Creditors had a good faith basis to assert their claims against the alleged Debtor who, likewise in good faith, disputes same both factually and legally. Although their claims were subject to a bona fide dispute resulting

---

**2.** The Debtor's lawyers expended a total of 37.2 hours in this matter at their respective billing rates of $140.00 per hour for services of the partner and $125.00 per hour for the services of the associate.

in the dismissal of the petition, dismissal alone does not per se establish any bad faith on the part of the Creditors.

Next, the Court turns to the issue of punitive damages. The advice of counsel defense has been one basis upon which creditors have successfully avoided punitive damages under section 303(i). *In re Walden*, 787 F.2d 174 (5th Cir.1986). Some courts have considered the traditional factors in awarding punitive damages under section 303(i)(2)(B): the nature, extent, and enormity of the injury to the alleged debtor; the intent of the bad faith petitioning creditors; and surrounding aggregating and mitigating circumstances. *See In re Salmon*, 128 B.R. 313, 318–19 (Bankr.M.D.Fla.1991). The Court declines to assess any punitive damages. The record does not show that one or more of the Creditors used the involuntary bankruptcy petition in an attempt to obtain disproportionate advantage to the Creditors' positions, or against other creditors of the alleged Debtor by obtaining a disproportionate advantage over them. Moreover, there is no evidence that the Creditors intended to shutdown the alleged Debtor's business because of personal antipathy or malice for the alleged Debtor's principals, or were using the case to gain control of the alleged Debtor. The motives of the Creditors are understandable, and not frivolous. They all had major problems with their newly constructed homes, and the alleged Debtor did not provide satisfaction of their claims. The Court is of the view that punitive damages are appropriately awarded in response to particularly egregious conduct or a purely frivolous filing. In this matter, the Creditors acted on advice of counsel and had factually and legally supportable good faith-based claims against the alleged Debtor. The alleged Debtor has shown no other special damages, save the costs of defense. The Court finds that the award of attorneys' fees and costs will make the alleged Debtor substantially whole.

## IV. *CONCLUSION*

For the foregoing reasons, the alleged Debtor's request for attorneys' fees and costs pursuant to 11 U.S.C. § 303(i)(1)(A) and (B) is partially allowed. The award of punitive damages under 11 U.S.C. § 303(i)(2)(B) is denied.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

### *ORDER*

For the reasons set forth in a Memorandum Opinion dated the 13th day of March, 1995, the Court hereby grants, in part, the petition of Mundo Custom Homes, Inc. for an award of attorneys' fees, costs, and punitive damages pursuant to 11 U.S.C. § 303(i). The Court finds the attorneys' fees totaling $4,872.00 reasonable and awards same in full under 11 U.S.C. § 303(i)(1)(B). The Court allows reimbursement of the $204.00 expert witness fee under 11 U.S.C. § 303(i)(1)(A), but disallows the $10.75 cost item for "forms" because it is unsupported with a paid receipt or other evidence showing precisely what comprises the expense. Finally, under 11 U.S.C. § 303(i)(2)(B), the Court denies punitive damages of $5,000.00 against each petitioning creditor severally for failure to establish bad faith.